IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

TAMPA DIVISION

CASE: 8:15-cv-2723-T-35TBM (RDO)
(Formerly Orlando Division Case 6:15-cv-1961)

SimNic Ventures LLC,

    Plaintiff,

Vs.

Glam Seamless, LLC,

    Defendant

_____/

**DEFENDANT, GLAM SEAMLESS, LLC'S ANSWER,
AFFIRMATIVE DEFENSES AND COUNTER-CLAIM**

Defendant, GLAM SEAMLESS, LLC ("GLAM SEAMLESS"), by and through its undersigned counsel, in response to the Complaint of Plaintiff, SimNic Ventures LLC ("SimNic"), denies SimNic's allegation of patent infringement and answers SimNic's Complaint as follows:

**NATURE OF ACTION**

1.    GLAM SEAMLESS admits that the Complaint purports to allege an action for patent infringement under Title 35 of the United States Code. Except as expressly admitted, GLAM SEAMLESS denies the allegations in paragraph 1 of the Complaint.

**THE PARTIES**

2. GLAM SEAMLESS lacks sufficient knowledge or information to form a belief about the truth or falsity of the allegations in paragraph 2 of the Complaint, and therefore denies them.

3. Admitted.

## JURISDICTION AND VENUE

4. GLAM SEAMLESS admits that the Complaint purports to allege an action for patent infringement under Title 35 of the United States Code but, except as expressly admitted, GLAM SEAMLESS denies the allegations in paragraph 4 of the Complaint.

5. Admitted.

6. The allegations in paragraph 6 of the Complaint are conclusions of law to which no responsive pleadings are required thereto. GLAM SEAMLESS admits that it has advertised and conducted business in this judicial district. Therefore, except as expressly admitted, GLAM SEAMLESS denies the allegations in paragraph 6 of the Complaint.

7. GLAM SEAMLESS admits that this Court has personal jurisdiction over it. To the extent that any allegations in paragraph 7 of the Complaint are conclusions of law, no responsive pleading is required thereto. Except as expressly admitted, GLAM SEAMLESS denies the allegations in paragraph 7 of the Complaint.

## INFRINGEMENT OF UNITED STATES PATENT No. 6,135,122

8. GLAM SEAMLESS repeats and incorporates by reference the admissions and denials in the preceding paragraphs as if fully set forth herein.

9. The allegations in paragraph 9 of the Complaint refer to a written document that

speaks for itself. To the extent that the allegation in paragraph 9 of the Complaint explain, characterize, interpret, or paraphrase this document, the same are denied. Otherwise, GLAM SEAMLESS denies the allegations in paragraph 9 of the Complaint.

10. The allegations in paragraph 10 of the Complaint are conclusions of law to which no responsive pleadings are required thereto. To the extent that a response is required, GLAM SEAMLESS denies the allegations in paragraph 10 of the Complaint.

11. The allegations in paragraph 11 of the Complaint are conclusions of law to which no responsive pleadings are required thereto. To the extent that a response is required, GLAM SEAMLESS denies the allegations in paragraph 11 of the Complaint.

12. The allegations in paragraph 12 of the Complaint are conclusions of law to which no responsive pleadings are required thereto. To the extent that a response is required, GLAM SEAMLESS denies the allegations in paragraph 12 of the Complaint.

13. The allegations in paragraph 13 of the Complaint are conclusions of law to which no responsive pleadings are required thereto. To the extent that a response is required, GLAM SEAMLESS denies the allegations in paragraph 13 of the Complaint.

14. The allegations in paragraph 14 of the Complaint are conclusions of law to which no responsive pleadings are required thereto. To the extent that a response is required, GLAM SEAMLESS denies the allegations in paragraph 14 of the Complaint.

15. The allegations in paragraph 15 of the Complaint are conclusions of law to which no responsive pleadings are required thereto. To the extent that a response is required, GLAM SEAMLESS denies the allegations in paragraph 15 of the Complaint.

Therefore, GLAM SEAMLESS denies that SimNic is entitled to the judgment and relief sought as set forth in paragraphs 1-4 on page 4 of the Complaint.

**AFFIRMATIVE DEFENSES**

By alleging the Defenses set forth below, GLAM SEAMLESS does not agree or concede that it bears the burden of proof or burden of persuasion on any other issues, whether in whole or in part. For its Defenses to the Complaint, GLAM SEAMLESS alleges as follows:

**First Affirmative Defense: Patent Non-Infringement**

16. Defendant has not infringed, and currently does not infringe, U.S. Patent No. 6,135,122 ("the '122 Patent") directly, indirectly, contributorily, by inducement, under the doctrine of equivalents, or in any other manner.

**Second Affirmative Defense - Patent Invalidity**

17. The claims of the '122 Patent are invalid for failure to satisfy one or more of the conditions for patentability specified in Title 35 of the United States Code §§ 102 and 103. In addition, the claims the '122 Patent are invalid for failure to satisfy the conditions for patentability specified in Title 35 of the United States Code § 112, namely the patent is invalid for failure to meet the written description or enablement requirements of 35 U.S.C.S. § 112. The '122 Patent description does not enable one skilled in the art to make and use the claimed invention.

**Third Affirmative Defense - Waiver, Acquiescence, and Estoppel**

18. Each of the claims set forth in the Complaint is barred by the doctrines of waiver, acquiescence, and estoppel. Upon information and belief, Plaintiff and all prior owners or parties of interest in the patent failed to police its patent by several acts and/or omissions, including but not limited to, (1) failure to include in patent licenses a requirement that licensees mark its products, so as to put others on notice, (2) subsequent failure to ensure its products were marked by licensee(s), regardless of the license terms, and (3) delay and failure to maintain the patent from at least 2010 – 2015, causing the patent to expire causing a multiple year delay in Plaintiff's filing

suit. As a result of and in reliance on these omissions and Plaintiff's neglect, Defendant continued to invest in its business from approximately 2011 to present. Furthermore, upon information and belief, the patent owners knew or should have known of Defendant's and others' competing product at all times pertinent, yet still allowed its patent to lapse and took no steps to police the '122 Patent or inform the Defendant of the '122 Patent. In sum, Plaintiff's neglect and delay in bringing suit, taken together with lapse of time due to its expired patent and other circumstances, will prejudice and materially harm Defendant should Plaintiff be allowed to pursue its claims.

### Fourth Affirmative Defense - Laches

19.  The '122 Patent is unenforceable, in whole or in part, against GLAM SEAMLESS under the doctrine of laches. The Plaintiff delayed for an unreasonable and inexcusable amount of time in filing suit, and Defendant has been prejudiced as a result of the delay. The patent owners neglected to maintain the '122 Patent by allowing it to expire, thus inexcusably delaying the filing of this lawsuit for multiple years. In addition, upon information and belief, the patent owners knew or should have known of Defendant's competing product during all times pertinent, yet still allowed its patent to lapse and took no steps to police the '122 Patent or inform the Defendant of the '122 Patent. As a result of these delays, Defendant continued to invest in its business and will therefore be prejudiced by Plaintiff's delay.

### Fifth Affirmative Defense - Failure to Mark

20.  The relief sought by SimNic as to the claims of one or more of the '122 Patent is barred by SimNic's and its predecessor's failure to mark its products covered the '122 Patent.

### Reservation of Right to Assert Additional Defenses

21.  GLAM SEAMLESS reserves the right to assert additional defenses based on information learned or obtained during discovery.

## **GLAM SEAMLESS' COUNTERCLAIM**

Counterclaimant GLAM SEAMLESS, LLC ("GLAM SEAMLESS"), through undersigned counsel, seek the following declarations and judgments against Counter-Defendant SimNic Ventures LLC, and allege as follows:

### **PARTIES**

22. Counterclaimant GLAM SEAMLESS is a limited liability company registered in the State of Pennsylvania with a principal place of business located in New York, New York.

23. On information and belief, Counter-Defendant SimNic Ventures LLC ("SimNic") is a limited liability corporation organized under the laws of the State of Florida with its principal place of business located at 7620 Wood Violet Lane, Gibsonton, Florida 33534.

### **JURISDICTION AND VENUE**

23. This Court has subject matter jurisdiction over this Counterclaim under 28 U.S.C. §§ 1331, 1338(a), and 1367(a).

24. This Court has personal jurisdiction over SimNic by virtue of its filing suit against GLAM SEAMLESS in this Court.

25. Venue is proper in this judicial district in accordance with 28 U.S.C. § 1391 because both a substantial part of the events giving rise to the counterclaims in this action occurred in this district and SimNic resides in this District.

### **FACTUAL BACKGROUND**

26. GLAM SEAMLESS sells to the public, among other things, hair extensions and has done so for several years.

27. U.S. Patent No. 6,135,122 ("the '122 Patent"), entitled "Self-Adhesive Hair Weft Extension and Method of Securing Same," was issued on October 24, 2000.

28.     SimNic claims to be the owner and assignee of all rights, title, and interest in and under the '122 Patent.

29.     On November 18, 2015, SimNic filed suit in this District asserting, amongst other things, that the '122 Patent is valid and enforceable, and that GLAM SEAMLESS has directly infringed the '122 Patent.

### FIRST CLAIM FOR RELIEF
### Declaration of Non-infringement of the '122 Patent

30.     Counterclaimant GLAM SEAMLESS hereby repeats and incorporates by reference paragraphs 1 through 9 of this Counterclaim as though fully set forth herein.

31.     SimNic has accused GLAM SEAMLESS of infringement of the '122 Patent and has created a substantial, immediate, and real controversy between the parties as to the noninfringement of the '122 Patent.

32.     GLAM SEAMLESS has not infringed and does not infringe the '122 Patent through its making, using, selling, and/or offering to sell, in the United States, one or more of its hair extensions.

### SECOND CLAIM FOR RELIEF
### Declaration of Invalidity of the '122 Patent

33.     Counterclaimant GLAM SEAMLESS hereby repeats and incorporates by reference paragraphs 1 through 9 of this Counterclaim as though fully set forth herein.

34. SimNic contends that the '122 Patent is valid and has created a substantial, immediate, and real controversy between the parties as to the invalidity of the '122 Patent.

35.     Each and every claim of the '122 Patent is invalid for failing to satisfy one or more of the conditions for patentability in Title 35 of the United States Code, including without

limitation, §§ 102, 103, and/or 112, and SimNic is entitled to no relief for any claim relating to their validity.

## PRAYER FOR RELIEF

WHEREFORE, GLAM SEAMLESS respectfully requests entry of judgment as follows:

A. That the Court find and declare, in favor of GLAM SEAMLESS and against SimNic that the GLAM SEAMLESS has not infringed the '122 Patent;

B. That the Court find and declare, in favor of GLAM SEAMLESS and against SimNic that the '122 Patent is invalid;

C. That the Court order SimNic to pay GLAM SEAMLESS's reasonable attorney fees associated with this action in accordance with 35 U.S.C. § 285;

D. That SimNic be ordered to pay all of GLAM SEAMLESS's costs associated with this action; and

E. That the Court grants to GLAM SEAMLESS such other and further relief as may be deemed just under the circumstances.

## DEMAND FOR JURY TRIAL

GLAM SEAMLESS demands a jury trial on all claims so triable.

DATED this 15th day of January, 2016.

                Respectfully submitted,

                /s/ Robert M. Mayer
                ROBERT M. MAYER
                Fl Bar 0455148
                Robert M Mayer & Associates
                8211 W Broward Blvd, Suite 330
                Fort Lauderdale, Florida 33324
                (954) 998-1441
                RMMayer@MiamiCounsel.com
                ATTORNEY FOR THE DEFENDANT

## CERTIFICATE OF SERVICE

       I HEREBY CERTIFY that a true and correct copy of the foregoing has been electronically filed with the Clerk of the Court utilizing the CM/ECF system this 15th day of January, 2016 which will send an electronic copy to: Mark Warzecha, Esquire, WIDERMAN MALEK, PL, 1990 West New Haven Avenue, Suite 201 Melbourne, Florida 32904.

                                           */s/ Robert M. Mayer*
                                           *Robert M. Mayer*
                                           *Florida Bar 0455148*