IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | | |
|---|---|---|
| SIMNIC VENTURES LLC | § § | |
| Plaintiff, | § § | Civ. Action No. 8:15-cv-2723-T-35TBM (RDO) |
| v. | § § | (Formerly Orlando Division Case 6:15-cv-1961) |
| GLAM SEAMLESS LLC | § § | |
| Defendant. | § § § | JURY DEMANDED |

## AMENDED CASE MANAGEMENT REPORT (PATENT CASE)

The parties have agreed on the following dates and discovery plan pursuant to Fed.R.Civ.P. 26(f) and Local Rule 3.05(c):

| **DEADLINE OR EVENT** (with Court recommended time frame) | **AGREED DATE** |
|---|---|
| Mandatory Initial Disclosures (pursuant to Fed.R.Civ.P. 26(a)(1) as amended effective December 1, 2000) including disclosure of Asserted Claims<br>[Court recommends 30 days after CMR meeting] | May 1, 2016 |
| Certificate of Interested Persons and Corporate Disclosure Statement [Immediately] | |
| Motions to Add Parties or Amend Pleadings<br>[Court recommends 4 months after CMR meeting] | August 1, 2016 |
| | |

| DEADLINE OR EVENT (with Court recommended time frame) | AGREED DATE |
|---|---|
| Disclosure of Infringement Contentions<br>[Court recommends 2 months after CMR meeting] | May 31, 2016 |
| Disclosure of Non-Infringement and Invalidity Contentions<br>[Court recommends 3 months after CMR meeting] | June 30, 2016 |
| Initial Identification of Disputed Claim Terms<br>[Court recommends 3 1/2 months after CMR meeting] | July 14, 2016 |
| Proposed Claim Term Constructions<br>[Court recommends 4 1/2 months after CMR meeting] | August 15, 2016 |
| Disclosure of Intent to Rely on Advice of Counsel as a Defense<br>(Court recommends 1 week after Proposed Claim Term Constructions] | August 22, 2016 |
| Joint Claim Construction Statement<br>[Court recommends 2 weeks after the Proposed Claim Term Constructions] | August 29, 2016 |
| Technology Tutorial Conference<br>[Court recommends 2 weeks after the Joint Claim Construction Statement] | September 12, 2016 |
| Plaintiff's Claim Construction Brief<br>[Court recommends 6 weeks after the Joint Claim Construction Statement) | October 10, 2016 |
| Defendant's Response Brief | October 24, 2016 |

| **DEADLINE OR EVENT**  (with Court recommended time frame) | **AGREED DATE** |
|---|---|
| [Court recommends 2 weeks after Plaintiff's Brief] | |
| Joint Pre-Hearing Statement<br>[Court recommends 1 week after Defendant's Brief] | October 31, 2016 |
| Claim Construction Hearing<br>[Court recommends 3 weeks after the Joint Pre-Hearing Statement] | November 21, 2016 |
| Amending Infringement, Non-Infringement, and Invalidity Contentions<br>[Court recommends 3 months after the Claim Construction Hearing] | February 20, 2017 |
| Fact Discovery Deadline<br>[Court recommends 4 weeks after Amending Infringement, Non-Infringement, and Invalidity Contentions] | March 20, 2017 |
| Disclosure of Expert Reports on Issues Where the Party Bears the Burden of Proof<br>[Court recommends 4 weeks after the Fact Discovery Deadline] | April 17, 2017 |
| Disclosure of Rebuttal Expert Reports<br>[Court recommends 4 weeks after Disclosure of Expert Reports] | May 15, 2017 |
| Expert Discovery Deadline<br>[Court recommends 4 weeks after Disclosure of Expert Rebuttal Reports] | June 12, 2017 |

| DEADLINE OR EVENT (with Court recommended time frame) | AGREED DATE |
|---|---|
| Dispositive Motions, *Daubert,* and *Markman* Motions [Court recommends 4 weeks after the Expert Discovery Deadline and requires 5 months or more before trial term begins] | July 10, 2017 |
| Meeting *In Person* to Prepare Joint Final Pretrial Statement [10 days before Joint Final Pretrial Statement] | November 2, 2017 |
| Joint Final Pretrial Statement *(Including* a Single Set of Jointly-Proposed Jury Instructions and Verdict Form, Voir Dire Questions, Witness Lists, Exhibit Lists with Objections on Approved Form) [Court recommends 4 weeks before Trial | November 13, 2017 |
| All Other Motions Including Motions *In Limine* (Each Party is limited to one Motion in Limine that does not exceed 25 pages without leave of Court. Responses are limited to 20 pages without leave of Court.] | November 15, 2017 |
| Trial Term Begins [Local Rule 3.05 (c)(2)(E) sets goal of trial within 2 years of filing complaint in all Track Two cases; district judge trial terms begin on the first business day of each month; trials before magistrate judges will be set on a date certain after consultation with the parties] | December 11, 2017 |
| Estimated Length of Trial [trial days] | 5 |

| DEADLINE OR EVENT  (with Court recommended time frame) | AGREED DATE |
|---|---|
| Jury / Non-Jury | Jury |
| Mediation                                 Deadline:<br>                                              Mediator:<br>                                              Address:<br><br><br><br><br><br>                                              Telephone:<br><br>Mediation is MANDATORY. Court recommends it take place shortly after the discovery deadline. IF THE PARTIES DO NOT SELECT A MEDIATOR, THE COURT *WILL* APPOINT ONE FROM ITS LIST OF CERTIFIED MEDIATORS. | July 3, 2017<br>Lawrence Kolin, Esq.<br>Upchurch Watson White & Max Mediation<br>Orlando/Maitland, FL 32751<br>(407) 661-1123 |
| All Parties Consent to Proceed Before Magistrate Judge | Yes____   No__X_<br><br>Likely to Agree in Future ____ |

**PATENT INFORMATION:**

    **A. Disclosure of Infringement Contentions:**

A party making infringement contentions must serve on the opposing party, but not file with the Court, disclosures of the following information:

1. The party shall disclose each asserted claim of infringement.

5

2. The party shall disclose the identity of each accused device.[1] This identification shall be as specific as possible. The party shall identify each accused device by name or model number, if known.

3. For each element of each asserted claim, the party shall disclose its contentions as to how each element of each claim is found in each accused device.

4. For each element of each asserted claim that the party contends is governed by 35 U.S.C. § 112 ~ 6, the party shall disclose the function and structure of each element and where the function and structure is disclosed in the specification. The party shall also disclose the identity of the structure(s}, act(s}, or material(s) in each accused device that performs the claims function.

5. The party shall disclose whether each element of each asserted claim is claimed to be literally present or present under the doctrine of equivalents in the accused device.

**B**. **Disclosure of Non-Infringement and Invalidity Contentions**

Any party asserting non-infringement, invalidity, or unenforceability claims or defenses must serve on the opposing party, but not file with the Court, disclosure containing the following:

1. The party shall disclose the factual basis for any allegation that it does not infringe the patent(s)-in-suit either literally or under the doctrine of equivalents, and shall identify what elements it believes are not present in the accused devices and why an equivalent is not present.

---

[1] The Court refers to every allegedly infringing device, method, or service as an "accused device" throughout this Order.

2. The party shall disclose each item of prior art that forms the basis for any allegation of invalidity by reason of anticipation or obviousness. As for prior art that is a document. the party shall provide a copy of the document to the opposing party. As to prior art that is not documentary in nature. such prior art shall be identified with particularity (by the "who, what, when, and where," etc.) as to the publication date, sale date, use date, source, ownership, inventorship, conception, and any other pertinent information that forms the basis of the party's invalidity contentions.

3. The party shall disclose whether each item of prior art anticipates each asserted claim or renders it obvious. If a combination of items of prior art makes a claim obvious, then each such combination and reason why a person of ordinary skill in the art would combine such items shall be identified.

4. For each element of each asserted claim that the party contends is governed by 35 U.S.C. § 112 ¶ 6, the party shall disclose the function and structure of each element and where the function and structure is disclosed in the specification. The party shall also disclose where the prior art identifies the structure(s), act(s), or material(s) in each prior art that performs the claimed function.

5. For any grounds of invalidity based on 35 U.S.C. § 112 or other defenses, the party shall provide its reasons and evidence as to why the claims are invalid or the patent unenforceable, making specific reference to relevant portions of the specification or claims or prosecution history. Such positions shall be made in good faith.

**C. Initial Identification of Disputed Claim Terms**

Lead counsel for the parties shall meet and confer in person to determine which claim

7

terms may need to be interpreted by the Court, not to exceed no more than 10 claim terms.

## D. Proposed Claim Term Constructions

The parties shall exchange, but not file with the Court, a list of each party's proposed interpretation of the disputed claim terms, along with citations to the intrinsic evidence {e.g., patent prosecution history, dictionary definitions, etc.} that support its interpretation, along with a brief summary of any testimony that is expected to be offered to support that interpretation.

## E. Disclosure of Intent to Rely on Advice of Counsel as a Defense

Any party that will rely on advice of counsel as a defense must serve on the opposing party disclosures of the following:

1. The party shall produce or make available for inspection and copying documents relating to the opinion(s) of counsel as to which the party agrees the attorney-client privilege has been waived.

2. The party shall serve on the opposing party a privilege log identifying any other documents relating to the opinion(s) of counsel, except those authored by counsel acting solely as trial counsel, which the party withholds on the grounds of attorney-client privilege or work product protection.

The Court *will not* permit any party that fails to make the above disclosures relating to an opinion of counsel to rely on that opinion of counsel at trial absent a stipulation of the parties.

## F. Joint Claim Construction Statement

8

After exchanging the list discussed above (under "Proposed Claim Term Constructions), lead counsel for the parties shall meet and confer in person about the claim terms in dispute. During this conference, the parties shall narrow and finalize the claim terms that need to be interpreted by the Court. If the parties determine that a claim construction hearing is not necessary, they shall notify the Court in a timely manner. The parties shall file a Joint Claim Construction Statement, including intrinsic evidence, extrinsic evidence, and a summary of expert testimony, if any. The parties shall submit to the Court a chart with up to 9 claim terms; each party's construction of each claim term; and the relevance of the construction of each claim term for summary judgment. The joint claim construction statement shall not exceed twenty (20) pages. The Court *will not* permit the presentation of argument or testimony at trial about any disputed claim term that was not identified in the parties' Joint Claim Construction Statement.

### G. Technology Tutorial Conference

If requested by the parties, or ordered by the Court, a non-adversarial tutorial conference will be scheduled for no later than fourteen (14) days after the deadline for the Joint Claim Construction Statement. At the technology tutorial conference, the counsel for the parties shall explain the technology at issue in the litigation, but they shall not pre-argue their claim construction positions to the Court, except to point out to the Court the context of the dispute.

### H. Plaintiffs Claim Construction Brief

Plaintiff's claim construction brief shall not exceed thirty {30) pages without leave of

the Court.

## I. Defendant's Response Brief

Defendant's response brief shall not exceed thirty (30) pages without leave of the Court.

## J. Joint Pre-Hearing Statement

Lead counsel for the parties shall confer about the claim construction hearing and file with the Court a Joint Pre-Hearing Statement informing the Court of the claim terms that will be discussed and the witnesses that will be called. The parties shall also submit a four-column claim interpretation chart in the form attached hereto. The joint pre-hearing statement shall not exceed four (4) pages, not including the Exhibit **K. Amending Infringement, Non-Infringement, and Invalidity Contentions**

Amendments to infringement, non-infringement, or invalidity contentions shall be made in accordance with Federal Rule of Civil Procedure 26(e) upon learning that the contention is incomplete or incorrect. Any amendment to a party's infringement contentions must be timely made but in no event later than thirty (30) days after the Court's claim construction ruling. Any amendment to a party's non-infringement or invalidity contentions must be timely made but in no event later than fifty (50) days after the Court's claim construction ruling.

I.   **Meeting of Parties in Person**

Lead counsel must meet *in person* and not by telephone absent an order

permitting otherwise. Counsel will meet in the Middle District of Florida, unless counsel agree on a different location. Pursuant to Local Rule 3.05(c)(2)(B) or (c)(3)(A), a meeting was held in person, on March 31, 2016 at <u>Widerman Malek PL, 1990 W. New Haven Avenue, Suite 201, Melbourne, Florida 32904</u> and was attended by**:**

 **Mark F. Warzecha, Esq.**     **Counsel for Plaintiff**

 **Robert M. Mayer, Esq.**     **Counsel for Defendant**


**II.** **Pre-Discovery Initial Disclosures of Core Information**

 **Fed.R.Civ.P. 26(a)(1)(A) - (D) Disclosures**

 Fed.R.Civ.P. 26, as amended effective December 1, 2010, provides that these disclosures are mandatory in Track Two and Track Three cases, except as stipulated by the parties or otherwise ordered by the Court (the amendment to Rule 26 supersedes Middle District of Florida Local Rule 3.05, to the extent that Rule 3.05 opts out of the mandatory discovery requirements):

 The parties __ have exchanged _X_ agree to exchange (check one) information described in Fed.R.Civ.P. 26(a)(1)(A) - (D) by <u>May 1, 2016</u>.

 Below is a description of information disclosed or scheduled for disclosure.

 (a) the name, address and phone number of each individual likely to have discoverable information, along with the subject matter of that information, that the disclosing party may use to support its claims or defenses;

 (b) a description by category of all documents that the disclosing party may use to support its claims or defenses;

11

(c) a computation of damages; and

(d) any appropriate insurance agreement.

## III.  Electronic Discovery

The parties have discussed issues relating to disclosure or discovery of electronically stored information ("ESI"), including Pre-Discovery Initial Disclosures of Core Information in Section II above, and agree that (check one):

__  no party anticipates disclosure or discovery of ESI in this case;

_X_  one or more of the parties anticipate limited disclosure or discovery of ESI in this case.

If disclosure or discovery of ESI is sought by any party from another party, then the following issues shall be discussed:[2]

A.  The form or forms in which ESI should be produced.

B.  Nature and extent of the contemplated ESI disclosure and discovery, including specification of the topics for such discovery and the time period for which discovery will be sought.

C.  Whether the production of metadata is sought for any type of ESI, and if so, what types of metadata.

D.  The various sources of ESI within a party's control that should be searched for ESI, and whether either party has relevant ESI that it contends is not reasonably

---

[2]  **See Generally:** *Rules Advisory Committee Notes* **to the 2006 Amendments to Rule 26(f) and Rule 16.**

accessible under Rule 26(b)(2)(B), and if so, the estimated burden or costs of retrieving and reviewing that information.

E.  The characteristics of the party's information systems that may contain relevant ESI, including, where appropriate, the identity of individuals with special knowledge of a party's computer systems.

F.  Any issues relating to preservation of discoverable ESI.

G.  Assertions of privilege or of protection as trial-preparation materials, including whether the parties can facilitate discovery by agreeing on procedures and, if appropriate, an Order under Federal Rules of Evidence Rule 502.  If the parties agree that a protective order is needed, they shall attach a copy of the proposed order to the Case Management Report.  The parties should attempt to agree on protocols that minimize the risk of waiver.  Any protective order shall comply with Local Rule 1.09 and Section IV.F. below on Confidentiality Agreements.

H. Whether the discovery of ESI should be conducted in phases, limited, or focused upon particular issues.

Please state if there are any areas of disagreement on these issues and, if so, summarize the parties' positions on each:

_____

_____

_____

If there are disputed issues specified above, or elsewhere in this report, (check one):

13

___ one or more of the parties requests that a preliminary pre-trial conference under Rule 16 be scheduled to discuss these issues and explore possible resolutions. Although this will be a non-evidentiary hearing, if technical ESI issues are to be addressed, the parties are encouraged to have their information technology experts with them at the hearing.

If a preliminary pre-trial conference is requested, a motion shall also be filed pursuant to Rule 16(a), Fed.R.Civ.P.

_X_ all parties agree that a hearing is not needed at this time because they expect to be able to promptly resolve these disputes without assistance of the Court.

IV. **Agreed Discovery Plan for Plaintiffs and Defendants**

    A. **Certificate of Interested Persons and Corporate Disclosure Statement**

This Court has previously ordered each party, governmental party, intervenor, non-party movant, and Rule 69 garnishee to file and serve a Certificate of Interested Persons and Corporate Disclosure Statement using a mandatory form. No party may seek discovery from any source before filing and serving a Certificate of Interested Persons and Corporate Disclosure Statement. A motion, memorandum, response, or other paper "including emergency motion" is subject to being denied or stricken unless the filing party has previously filed and served its Certificate of Interested Persons and Corporate Disclosure Statement. Any party who has not already filed and served the required certificate is required to do so immediately.

Every party that has appeared in this action to date has filed and served a

Certificate of Interested Persons and Corporate Disclosure Statement, which remains current:    ____ Yes         __X__ No

Amended Certificate will be filed by _____ (party) on or before _____ (date).

### B. Discovery Not Filed

The parties shall not file discovery materials with the Clerk except as provided in Local Rule 3.03.  The Court encourages the exchange of discovery requests on diskette.  *See* Local Rule 3.03 (f).  The parties further agree as follows:

The parties agree that service of process by e-mail before 6 p.m. Eastern time will be considered the equivalent of service by hand in accordance with Fed. R. Civ. P. 5(b)(2).

### C. Limits on Discovery

Absent leave of Court, the parties may take no more than ten depositions per side (not per party).  Fed.R.Civ.P. 30(a)(2)(A); Fed.R.Civ.P. 31(a)(2)(A); Local Rule 3.02(b).  Absent leave of Court, the parties may serve no more than twenty-five interrogatories, including sub-parts.  Fed.R.Civ.P. 33(a); Local Rule 3.03(a).  Absent leave of Court or stipulation of the parties each deposition is limited to one day of seven hours.  Fed.R.Civ.P. 30(d)(2).  The parties may agree by stipulation on other limits on discovery.  The Court will consider the parties' agreed dates, deadlines, and other limits in entering the scheduling order.  Fed.R.Civ.P. 29.  In addition to the deadlines in the above table, the parties have agreed to further limit discovery as follows:

15

    **1.**    Depositions

        None

    **2.**    Interrogatories

        None

    **3**.    Document Requests

        None

    **4.**    Requests to Admit

        None

    **5**.    Supplementation of Discovery

        None

**D.**    **Discovery Deadline**

Each party shall timely serve discovery requests so that the rules allow for a response prior to the discovery deadline. The Court may deny as untimely all motions to compel filed after the discovery deadline. In addition, the parties agree as follows:

N/A

**E.**    **Disclosure of Expert Testimony**

On or before the dates set forth in the above table for the disclosure of expert reports, the parties agree to fully comply with Fed.R.Civ.P. 26(a)(2) and 26(e). Expert testimony on direct examination at trial will be limited to the opinions, basis, reasons, data, and other information disclosed in the written expert report disclosed pursuant to this order. Failure to disclose such information may result in the exclusion of all or part of the

testimony of the expert witness.  The parties agree on the following additional matters pertaining to the disclosure of expert testimony**:**

N/A

### F.     Confidentiality Agreements

Whether documents filed in a case may be filed under seal is a separate issue from whether the parties may agree that produced documents are confidential.  The Court is a public forum, and disfavors motions to file under seal.  The Court will permit the parties to file documents under seal only upon a finding of extraordinary circumstances and particularized need.  *See Brown v. Advantage Engineering, Inc.*, 960 F.2d 1013 (11th Cir. 1992); *Wilson v. American Motors Corp.*, 759 F.2d 1568 (11th Cir. 1985).  A party seeking to file a document under seal must file a motion to file under seal requesting such Court action, together with a memorandum of law in support.  The motion, whether granted or denied, will remain in the public record.

The parties may reach their own agreement regarding the designation of materials as "confidential."  There is no need for the Court to endorse the confidentiality agreement.  The Court discourages unnecessary stipulated motions for a protective order.  The Court will enforce appropriate stipulated and signed confidentiality agreements.  See Local Rule 4.15.  Each confidentiality agreement or order shall provide, or shall be deemed to provide, that "no party shall file a document under seal without first having obtained an order granting leave to file under seal on a showing of particularized need."  With respect to confidentiality agreements, the parties agree as follows:

The parties may enter into at least one confidentiality agreement relating to certain confidential records maintained by the parties.

**G.      Other Matters Regarding Discovery**

**VI.      Settlement and Alternative Dispute Resolution.**

    **A.      Settlement**

The parties agree that settlement is __X__ likely _____ unlikely (check one)

The parties request a settlement conference before a United States Magistrate Judge

    _____ Yes __X__ no        _____ likely to request in future

    **B.      Arbitration**

The Local Rules no longer designate cases for automatic arbitration, but the parties may elect arbitration in any case. Do the parties agree to arbitrate?

    _____ yes __X__ no _____ likely to agree in future

    _____ Binding         _____ Non-Binding

    **C.      Mediation**

Absent arbitration or a Court order to the contrary, the parties in every case will participate in Court-annexed mediation as detailed in Chapter Nine of the Court's Local Rules. The parties have agreed on a mediator from the Court's approved list of mediators as set forth in the table above, and have agreed to the date stated in the table above as

the last date for mediation. The list of mediators is available from the Clerk and is posted on the Court's web site at http://www.flmd.uscourts.gov.

### D. Other Alternative Dispute Resolution

The parties intend to pursue the following other methods of alternative dispute resolution: N/A

DATED: April 4, 2016                              Respectfully submitted,


/s/ *Mark Warzecha*
Mark Warzecha
Email: mfw@uslegalteam.com
**WIDERMAN MALEK, PL**
1990 West New Haven Ave, Suite 201
Melbourne, FL 32904
Phone: (321) 255-2332
Fax: (321) 255-2351

**ATTORNEYS FOR PLAINTIFF
SIMNIC VENTURES LLC**


/s/ *Robert M. Mayer*
Robert M. Mayer
Email: RMMayer@miamicounsel.com
**MAYER|MILLER**
8211 W. Broward Blvd., Suite 330
Plantation, FL 33324
Phone: (954) 998-1441
Fax: (954) 998-1491

**ATTORNEYS FOR DEFENDANT
GLAM SEAMLESS, LLC**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 4, 2016, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF filing system.

<u>/s/ <i>Mark Warzecha</i></u><br>
Mark Warzecha