IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| **SIMNIC VENTURES LLC** § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | Civ. Action No.  8:15-cv-2723-T-35TBM (RDO) |
| § | |
| **GLAM SEAMLESS LLC** § | JURY DEMANDED |
| § | |
| *Defendant*. § | |
| § | |

**PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES**

Plaintiff SimNic Ventures LLC ("SimNic" or "Plaintiff") files this Motion to Compel Discovery Responses from Defendant Glam Seamless, LLC ("Glam Seamless" or "Defendant").  Pursuant to Federal Rule of Civil Procedure 37 and Local Rule 3.04, SimNic respectfully moves to compel Defendant to fully respond to outstanding discovery, serve its Non-Infringement and Invalidity Contentions ("Contentions"), and further requests that Defendant be ordered to pay SimNic's reasonable attorneys' fees and costs incurred in bringing this motion.

**I.      INTRODUCTION**

Glam Seamless sells tape-in hair extension products – the subject of the patent asserted in this case.  SimNic has accused Glam Seamless of infringing SimNic's hair extension patent.

SimNic has propounded on Glam Seamless Interrogatories 1-13 and Requests for Production 1-72.  Despite multiple requests, Glam Seamless has failed to provide any response to any of the Interrogatories or Requests for Production.  On June 15, 2016, Defendant's counsel finally responded to the Plaintiff's meet and confer requests and

1

demands to respond to discovery requests that were sent on June 7, 2016 and June 9, 2016, (Declaration of Robert D. Katz, Exhibits C and D) and agreed to serve its responses to the discovery requests by July 6, 2016. (Declaration of Katz, Exhibit E). No responses have been received. Additionally, Glam Seamless has failed to serve its Contentions by the deadline set forth in this Court's Case Management and Scheduling Order (Doc. 16). This has left SimNic with no choice but to seek relief from the Court. SimNic seeks an order from this Court compelling Glam Seamless to fully and completely respond to SimNic's discovery requests, without objection, and to serve its Contentions. SimNic further requests that this Court order Glam Seamless to reimburse SimNic for all of its costs and attorneys' fees associated with bringing the instant motion pursuant to Federal Rule of Civil Procedure 37(c).

## II.    APPLICABLE LAW

Under Fed. R. Civ. P. 33(b)(4), a party may timely and specifically object to an interrogatory. Otherwise, the interrogatory must be answered fully. Rule 33(b)(3). Evasive or incomplete answers may be treated as a failure to answer. Rule 37(a)(4). The requesting party can file a motion to compel if interrogatories are not answered, or if the answers are evasive or incomplete. Rule 37(a)(3)(B)(iii), (4).

## III.   ARGUMENT

### A.    Interrogatories

Glam Seamless has failed to provide any response to any of SimNic's 13 Interrogatories, which were served on April 27, 2016.[1] (Decl. of Warzecha, ¶ 3). Because

---

[1] Exhibit A to the Declaration of Robert D. Katz in Support of Plaintiff's Motion to Compel contains SimNic's First Set of Interrogatories Nos. 1-13.

Glam Seamless failed to respond, the Court should order Glam Seamless to fully answer each Interrogatory.  Pursuant to L.R. 3.04, the Interrogatories are reproduced below.

**INTERROGATORY NO. 1:** Separately for each of the Accused Products, disclose for each hair extension product: each of Defendant's identifying names and part numbers, the identity of the manufacturer, each of the manufacturers' identifying part numbers, any identifying family designations, and all pricing information; and IDENTIFY supporting DOCUMENTS (by Bates number), if any, used to respond to this Interrogatory, and the person(s) who are most knowledgeable about the facts underlying your answer.

**INTERROGATORY NO. 2:** For each of the Accused Products, please state separately, on a monthly basis or the shortest interval for which records are kept, the sales, costs, expenses on an itemized basis, gross profit margin, operating profit margin, incremental profit margin, and revenues attributable to sales of each of the Accused Products, and IDENTIFY supporting DOCUMENTS (by Bates number), if any, used to respond to this Interrogatory, and the person(s) who are most knowledgeable about the facts underlying your answer.  For the avoidance of doubt, the applicable sales information requested by this Interrogatory pertains to sales into the United States, sales from the United States, and sales involving any of the Accused Products that had ever been imported into the United States.

**INTERROGATORY NO. 3:** For each of the Accused Products, please IDENTIFY separately, each PERSON who was involved in the supply chain of each of the Accused Products, including manufacturers, manufacturer liaisons, customs brokers, escrow agents, shipping agents, and shippers, and IDENTIFY the dates of involvement of each such PERSON and supporting DOCUMENTS (by Bates number), if any, used to respond to this Interrogatory, and the person(s) who are most knowledgeable about the facts underlying your answer.

**INTERROGATORY NO. 4:** Please IDENTIFY and describe all patent licenses that are or have been in effect at any time during the preceding ten years that relate to hair extension products, or the Accused Products, for which YOU pay or have paid any royalty, and IDENTIFY supporting DOCUMENTS (by Bates number), if any, used to respond to this Interrogatory, and the person(s) who are most knowledgeable about the facts underlying your answer..

**INTERROGATORY NO. 5:** Please identify all PERSONS that participated in the research, conception, design, development, marketing, purchasing, evaluation, or sales of any of the Accused Products.

**INTERROGATORY NO. 6:** For each asserted claim of the '122 Patent that you contend is not infringed by any of the Accused Products, including directly, indirectly, literally, and by the doctrine of equivalents, set forth in detail (on an element-by-element basis) for each Accused Product the complete factual and legal basis for your contention, including by identifying all relevant facts, documents, and identify the person(s) who are most knowledgeable about the facts underlying your answer.

**INTERROGATORY NO. 7:** For each of the Accused Products, please describe in detail your contention regarding the relevant market and competitive substitutes for the patents-in-suit, your contention regarding the date of any hypothetical negotiation for each of the patents-in-suit, your contention regarding the basis for any consumer demand for the Accused Products, your contention regarding the appropriate reasonable royalty rate and base including your contention regarding whether or not there is an established royalty, the complete factual and legal bases for all of the foregoing, the identification of all documents supporting your response, and the identification of the person(s) who are most knowledgeable regarding your response, along with their job titles and contact information.

**INTERROGATORY NO. 8:** Describe in detail all facts that describe any attempt(s) you made to design or work around the '122 Patent, the identification of all documents supporting your response, and the identification of the person(s) who are most knowledgeable regarding your response, along with their job titles and contact information.

**INTERROGATORY NO. 9:** Disclose all features that drive sales of the Accused Products and identify the apportioned revenue (by percentage) attributable to each feature for each Accused Products including information concerning customer preferences and satisfaction including customer surveys, customer reviews and market surveys, and provide the complete factual and legal basis for your contention, including by identifying all relevant facts and documents, and identify the person(s) who are most knowledgeable about the facts underlying your answer.

**INTERROGATORY NO. 10:** Please describe in detail all facts relating to the identification, availability, acceptability, and cost of any non-infringing alternatives to the apparatuses claimed in the '122 Patent, including without limitation.

a.   your use and consideration of implementing any such alternatives;

b.   the specific alterations you would make to each Accused Product to effectuate such alternative(s);

c.   the specific claim limitations of the '122 Patent that would be infringed without the alternatives;

4

d.      the costs associated with developing and implementing each alternative; and

e.      the steps and time required to develop and implement each alternative.

Identify all persons with knowledge of the above information and any supporting documents, if any, used to respond to this Interrogatory.

**INTERROGATORY NO. 11:**  Separately for each of the Accused Products, describe for Accused Product, each COMMUNICATION regarding this lawsuit or the '122 Patent with each manufacturer or other PERSON outside of Glam Seamless, the DATE of the first COMMUNICATION with each PERSON, and IDENTIFY supporting DOCUMENTS (by Bates number), if any, used to respond to this Interrogatory, and the person(s) who are most knowledgeable about the facts underlying your answer.

**INTERROGATORY NO. 12:** Identify the date when and the facts and circumstances surrounding Defendant's first awareness of the Patents-in-suit and the applications leading to the Patents-in-suit, including: an identification of the date and circumstances under which you first became aware of the patent or application; an identification of the persons employed by or otherwise acting on your behalf who became aware of the patent or application; whether Defendant sought and/or obtained any opinion(s) of counsel regarding the Patents-in-suit; and an identification of the documents and other evidence reflecting such awareness.

**INTERROGATORY NO. 13:**  State in detail all factual and legal bases for your equitable defenses, whether affirmative or not, and any equitable counterclaims and describe how and the extent to which you contend those defenses affect Plaintiff's ability to recover damages or other relief in this action, and identify the person(s) who are most knowledgeable about the facts underlying your answer and documents related thereto, and the names of any individuals who assisted in preparing your answer and identify all supporting documents, if any, relating to the information sought in this Interrogatory.

### B. Requests for Production

Glam Seamless has failed to provide any response to any of SimNic's 72 Requests for Production, which were served on April 27, 2016.[2] (Decl. of Warzecha, ¶ 3). Because Glam Seamless failed to respond, the Court should order Glam Seamless to fully respond to each Request for Production without objection. Pursuant to L.R. 3.04, the Requests for Production are reproduced below.

> **REQUEST FOR PRODUCTION NO. 1:** All DOCUMENTS RELATED TO the patent-in-suit.
>
> **REQUEST FOR PRODUCTION NO. 2:** All DOCUMENTS RELATED TO the inventors of the patent-in-suit, Plaintiff, or other assignees or licensees of the patent-in-suit.
>
> **REQUEST FOR PRODUCTION NO. 3:** All DOCUMENTS RELATED TO (and including) any alleged prior art RELATED TO the patent-in-suit.
>
> **REQUEST FOR PRODUCTION NO. 4:** All DOCUMENTS RELATED TO the conception, design, and/or development of the Accused Products.
>
> **REQUEST FOR PRODUCTION NO. 5:** All DOCUMENTS RELATED TO technology or product roadmaps for the Accused Products.
>
> **REQUEST FOR PRODUCTION NO. 6:** All DOCUMENTS RELATED TO product brochures for the Accused Products, including but not limited to the brochures themselves.
>
> **REQUEST FOR PRODUCTION NO. 7:** All DOCUMENTS RELATED TO training materials for the Accused Products, including but not limited to the training materials themselves.
>
> **REQUEST FOR PRODUCTION NO. 8:** All DOCUMENTS RELATED TO any certification process relating to use of the Accused Products.
>
> **REQUEST FOR PRODUCTION NO. 9:** All DOCUMENTS RELATED TO any competitive analysis involving the Accused Products, including but not limited to the results of any competitive analysis.

---

[2] Exhibit B to the Declaration of Robert D. Katz in Support of Plaintiff's Motion to Compel contains SimNic's First Set of Requests for Production Nos. 1-72.

**REQUEST FOR PRODUCTION NO. 10:** All DOCUMENTS RELATED TO the features of the Accused Products, including but not limited to the feature lists.

**REQUEST FOR PRODUCTION NO. 11:** All DOCUMENTS RELATED TO, supporting, evidencing, and/or concerning YOUR affirmative defenses as pled in this case.

**REQUEST FOR PRODUCTION NO. 12:** All DOCUMENTS RELATED TO, supporting, evidencing, and/or concerning YOUR answer to the complaint as pled in this case.

**REQUEST FOR PRODUCTION NO. 13:** All DOCUMENTS RELATED TO, supporting, evidencing, and/or concerning YOUR counterclaims as pled in this case.

**REQUEST FOR PRODUCTION NO. 14:** All DOCUMENTS RELATED TO (and including) any DOCUMENTS or information exchanged between YOU and any other PERSON (other than YOUR attorneys) regarding this case.

**REQUEST FOR PRODUCTION NO. 15:** All DOCUMENTS RELATED TO YOUR licensing policies and practices including copies of all licenses YOU have entered into related to the Accused Products.

**REQUEST FOR PRODUCTION NO. 16:** All DOCUMENTS RELATED TO YOUR first awareness and/or knowledge of the patent-in-suit or Plaintiff.

**REQUEST FOR PRODUCTION NO. 17:** All DOCUMENTS RELATED TO any and all patents that YOU contend are practiced by, are embodied in, and/or are used by the Accused Products. As provided for herein, the term "patents" includes patent applications, abandoned patent applications, and patents, as well as internal invention disclosures.

**REQUEST FOR PRODUCTION NO. 18:** All DOCUMENTS RELATED TO any patent search, prior art search, and/or analysis performed by YOU (including, but not limited to, YOUR agents, attorneys, patent agents, or employees) where the patent-in-suit was referenced, found, or included in the results of said search and/or analysis.

**REQUEST FOR PRODUCTION NO. 19:** All DOCUMENTS RELATED TO any litigation, including, but not limited to, patent litigation (whether foreign or domestic) before a United States District Court, United States state court, appellate courts of the foregoing, arbitrations, licensing disputes, the International Trade Commission, and/or foreign court or tribunal concerning the Accused Products .

**REQUEST FOR PRODUCTION NO. 20:** All DOCUMENTS that YOU intend to rely on to show the level of knowledge, schooling, experience, expertise, and relevant technical skill of a person having ordinary skill in what YOU contend is the relevant art pertaining to the patent-in-suit, at the times the level of ordinary skill in the art is measured for purposes of invalidity and the doctrine of equivalents.

**REQUEST FOR PRODUCTION NO. 21:** All DOCUMENTS RELATED TO any technical or industry conference, symposium, trade show, standards committee(s), or industry or professional association meeting regarding the subject matter disclosed in the patent-in-suit or the Accused Products attended by YOU anywhere in the world, including all DOCUMENTS showing the attendance by YOU, notes by YOU, and DOCUMENTS received or provided by YOU at the event.

**REQUEST FOR PRODUCTION NO. 22:** All DOCUMENTS that YOU contend support, or that tend to refute, YOUR contention that YOU do not infringe the patent-in-suit (whether directly or indirectly).

**REQUEST FOR PRODUCTION NO. 23:** All DOCUMENTS that YOU contend support, or that tend to refute, YOUR contention that the patent-in-suit is invalid or unenforceable.

**REQUEST FOR PRODUCTION NO. 24:** All DOCUMENTS that YOU contend support, or that tend to refute, YOUR contention that this case is an exceptional case under 35 U.S.C. §285.

**REQUEST FOR PRODUCTION NO. 25:** All DOCUMENTS that YOU intend to introduce in this case in support of YOUR proposed claim constructions, or in rebuttal to any Plaintiff's proposed claim constructions, including the construction of ordinary meaning.

**REQUEST FOR PRODUCTION NO. 26:** All extrinsic evidence that YOU contend is relevant to the construction of any of the claims of the patent-in-suit.

**REQUEST FOR PRODUCTION NO. 27:** DOCUMENTS sufficient to show YOUR parent companies, subsidiaries, partnerships, joint ventures, predecessors, successors, and any legal entities that are wholly or partially owned or controlled by YOU, as well as DOCUMENTS sufficient to show organizational charts of each of the foregoing.

**REQUEST FOR PRODUCTION NO. 28:** All DOCUMENTS identified or used in responding to any discovery request served by Plaintiff .

**REQUEST FOR PRODUCTION NO. 29:** All DOCUMENTS received by YOU from any third party that were requested from such third party as part of this litigation, that relate to this litigation, and/or that are responsive

to any outstanding request for production served on YOU, including (but not limited to) any DOCUMENTS received pursuant to a subpoena.

**REQUEST FOR PRODUCTION NO. 30:** All DOCUMENTS referenced in YOUR Initial Disclosures made pursuant to Federal Rule of Civil Procedure 26(a)(1).

**REQUEST FOR PRODUCTION NO. 31:** All DOCUMENTS RELATED TO any admission or alleged admission made by Plaintiff concerning any aspect of this litigation.

**REQUEST FOR PRODUCTION NO. 32:** All DOCUMENTS RELATED TO YOUR projected Financial Statements, Cost of Manufacturing (past and present), revenues, profits, sales, margins, costs, and expenses for the Accused Products. This request specifically includes information on a product-by-product basis broken down by the sales interval in which the records are kept, but at least annually.

**REQUEST FOR PRODUCTION NO. 33:** All DOCUMENTS RELATED TO royalty rates incurred by YOU for any license RELATED TO the Accused Products or other tape-in hair extension products sold by YOU.

**REQUEST FOR PRODUCTION NO. 34:** All DOCUMENTS, including, but not limited to, COMMUNICATIONS to all third parties (*e.g.*, any person, entity, party, company, organization, etc., that is not a corporate entity or affiliate of YOU) related to Plaintiff.

**REQUEST FOR PRODUCTION NO. 35:** All DOCUMENTS made available by YOU or counsel to any testifying expert witness, lay expert witness, or consulting expert witness whose work has been reviewed by a testifying expert, or witness whose recollection was refreshed by said DOCUMENTS RELATING TO this case.

**REQUEST FOR PRODUCTION NO. 36:** All DOCUMENTS RELATED TO YOUR pricing decisions related to the Accused Products for each year of sale through the trial of this case.

**REQUEST FOR PRODUCTION NO. 37:** All DOCUMENTS RELATED TO YOUR reverse engineering, analysis, review, purchase, investigation, study, or testing of the Accused Products.

**REQUEST FOR PRODUCTION NO. 38:** All DOCUMENTS RELATED TO personnel charts, related personal listings, indices or directories, divisions, departments, groups, sub-groups, organizational charts, and related divisions in DEFENDANT'S corporate structure RELATED TO the sale, sourcing, or manufacture of the Accused Products.

9

**REQUEST FOR PRODUCTION NO. 39:** All DOCUMENTS RELATED TO agreements or COMMUNICATION with suppliers relating to the production of the Accused Products.

**REQUEST FOR PRODUCTION NO. 40:** All DOCUMENTS RELATED TO or constituting advertising, promotional, or marketing material RELATED TO the Accused Products.

**REQUEST FOR PRODUCTION NO. 41:** All DOCUMENTS furnished to or shown to any fact witness contacted, interviewed, or consulted by YOU or YOUR agents or attorneys in connection with the patent-in-suit.

**REQUEST FOR PRODUCTION NO. 42:** All DOCUMENTS referring or relating to any embodiments or services YOU contend to be non-infringing alternatives of the patent-in-suit.

**REQUEST FOR PRODUCTION NO. 43:** All DOCUMENTS related to any attempts by YOU to modify, change, redesign or design-around the patent-in-suit.

**REQUEST FOR PRODUCTION NO. 44:** All correspondence and other DOCUMENTS expressing opinions on or concerning the validity, invalidity, infringement, non-infringement, enforceability, non-enforceability, or license (either express or implied) as to the patent-in-suit.

**REQUEST FOR PRODUCTION NO. 45:** All DOCUMENTS concerning YOUR policies or practices concerning patent clearances, right to use opinions, or other mechanisms to avoid YOUR infringement of patents, including the patent-in-suit.

**REQUEST FOR PRODUCTION NO. 46:** All DOCUMENTS relating to any communications concerning the patent-in-suit, including but not limited to communications with YOUR employees, managers, sales force, agents, dealers, wholesalers, retailers, representatives, distributors, the press, or any news wire.

**REQUEST FOR PRODUCTION NO. 47:** All DOCUMENTS related to any prior art search concerning the patent-in-suit, including search requests, reports, analyses and references located.

**REQUEST FOR PRODUCTION NO. 48:** All DOCUMENTS concerning each item of prior art that YOU contend anticipates or renders obvious any claim of the patent-in-suit.

**REQUEST FOR PRODUCTION NO. 49:** All DOCUMENTS made available by YOU or counsel to any testifying expert witness, lay expert witness, or consulting expert witness whose work has been reviewed by a

10

testifying expert, or witness whose recollection was refreshed by said DOCUMENTS relating to this case.

**REQUEST FOR PRODUCTION NO. 50:** All DOCUMENTS that YOU intend to rely upon, in any way, in this litigation.

**REQUEST FOR PRODUCTION NO. 51:** All DOCUMENTS that YOU contend support, or that tend to refute, YOUR contention that the patent-in-suit is limited by prosecution history estoppel.

**REQUEST FOR PRODUCTION NO. 52:** All DOCUMENTS that YOU contend support, or that tend to refute, YOUR contention that the Plaintiff's claim for damages is barred by the doctrine of acquiescence.

**REQUEST FOR PRODUCTION NO. 53:** All DOCUMENTS that support or relate to any contention that the patent-in-suit was not legally issued and/or is not enforceable.

**REQUEST FOR PRODUCTION NO. 54:** All DOCUMENTS that support or relate to any contention that YOU have not infringed, induced the infringement of, or contributed to the infringement of the patent-in-suit.

**REQUEST FOR PRODUCTION NO. 55:** All DOCUMENTS that support or relate to any contention that the patent-in-suit is unenforceable by reason of estoppel.

**REQUEST FOR PRODUCTION NO. 56:** All DOCUMENTS that support or relate to any contention that the patent-in-suit is unenforceable by reason of inequitable conduct.

**REQUEST FOR PRODUCTION NO. 57:** All DOCUMENTS that support or relate to any contention that damages derived from the patent-in-suit is barred in whole or in part by the doctrines of laches, waiver, unclean hands, or license.

**REQUEST FOR PRODUCTION NO. 58:** All DOCUMENTS that support or relate to any contention that damages derived from the patent-in-suit is barred in whole or in part by acts of Plaintiff.

**REQUEST FOR PRODUCTION NO. 59:** All DOCUMENTS that support or relate to any contention that damages derived from the patent-in-suit is barred in whole or in part relating to Plaintiff's standing.

**REQUEST FOR PRODUCTION NO. 60:** All DOCUMENTS that support or relate to any contention that damages derived from the patent-in-suit is barred in whole or in part by Plaintiff's failure to mitigate damages.

**REQUEST FOR PRODUCTION NO. 61:** All DOCUMENTS that support or relate to any contention that damages derived from the patent-in-suit is barred in whole or in part by failure to adequately mark under 35 U.S.C. § 287.

**REQUEST FOR PRODUCTION NO. 62:** All DOCUMENTS that refer or relate to whether any invention disclosed in the patent-in-suit, or any product that embodies or uses such an invention, has been commercially successful.

**REQUEST FOR PRODUCTION NO. 63:** All DOCUMENTS that refer or relate to whether any invention encompassed in any of the accused products, or any product that embodies or uses such an invention, has been copied by others.

**REQUEST FOR PRODUCTION NO. 64:** All DOCUMENTS that refer or relate to whether anyone has praised, criticized, or discussed the significance of any invention disclosed in the patent-in-suit, or any product or service that embodies or uses any such invention.

**REQUEST FOR PRODUCTION NO. 65:** All DOCUMENTS related to YOUR pricing decisions related to the Accused Products for each year through the trial of this case.

**REQUEST FOR PRODUCTION NO. 66:** All DOCUMENTS related to and including all customs records related to the importation of the Accused Products for each year through the trial of this case.

**REQUEST FOR PRODUCTION NO. 67:** All DOCUMENTS related to YOUR projected financial statements, costs (past and present), revenues, profits, sales, margins, costs, and expenses for the Accused Products. This request specifically includes information broken down by the sales interval in which the records are kept, but at least annually.

**REQUEST FOR PRODUCTION NO. 68:** All DOCUMENTS relating or referring to the indemnification or offer to indemnify, or request for indemnification by any of YOUR customers, prospective customers, or third-parties with respect to the patent-in-suit.

**REQUEST FOR PRODUCTION NO. 69:** All DOCUMENTS that relate to royalty rates incurred by YOU for any license relating to hair extension products.

**REQUEST FOR PRODUCTION NO. 70:** All DOCUMENTS concerning YOUR contentions on reasonable royalties pursuant to 35 U.S.C. § 284 and/or lost profits for any infringement of the patent-in-suit.

**REQUEST FOR PRODUCTION NO. 71:** All DOCUMENTS concerning or relating to an appraisal or valuation of any patent, license, royalty, technology transfer, or authorization-to-use agreement that relates to the Accused Products, including appraisals or valuations performed for tax purposes.

**REQUEST FOR PRODUCTION NO. 72:** All DOCUMENTS concerning or relating to the bonding composition(s) used for the Accused Products.

### C. Non-Infringement and Invalidity Contentions

On April 20, 2016, this Court entered its Case Management and Scheduling Order (Doc. 16) in which the deadline for the Defendant to serve its Contentions was June 30, 2016. Glam Seamless has failed to serve its Contentions as required by the Case Management and Scheduling Order (Doc. 16). (Decl. of Warzecha, ¶ 4). There has been no extension requested or granted by this Court extending Defendant's time to serve its Contentions. Therefore, the Court should direct Glam Seamless to serve its Non-Infringement and Invalidity Contentions.

### D. Attorney's Fees and Costs

An award of attorneys' fees and costs is warranted. Glam Seamless' failure to respond to SimNic's legitimate discovery requests has forced SimNic to file this instant motion and seek the Court's intervention. An award of attorneys' fees and costs is necessary to make SimNic whole. If the Court agrees, SimNic proposes it submit documentation of its fees and expenses two weeks after such order is issued.

## IV. CONCLUSION

For the foregoing reasons, SimNic respectfully requests that the Court grant its motion and (1) compel Glam Seamless to provide complete answers to Interrogatories 1-13 and Requests for Production 1-72, without objection; (2) serve its Non-Infringement and Invalidity Contentions, within five (5) days of this Court's Order; (3) order Glam

Seamless to reimburse SimNic for all costs and attorneys' fees incurred to bring the present motion; and (4) for all other relief that the Court deems SimNic to be justly entitled.

DATED:  July 8, 2016                    Respectfully submitted,

/s/ *Mark Warzecha*
Mark Warzecha
Email: mfw@uslegalteam.com
**WIDERMAN MALEK, PL**
1990 West New Haven Ave, Suite 201
Melbourne, FL 32904
Phone: (321) 255-2332
Fax: (321) 255-2351

**ATTORNEYS FOR PLAINTIFF
SIMNIC VENTURES LLC**

## RULE 3.01(g) CERTIFICATE

In accordance with Local Rule 3.01(g), the undersigned certifies that Defendant's counsel was contacted by emails dated June 7, 2016 and June 9, 2016 to resolve these discovery issues, but despite assurances to the contrary, Defendant's counsel has failed to provide responses as stated.  Therefore, this motion is submitted to the Court for consideration.

/s/ *Mark Warzecha*
Mark Warzecha

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on the above date.

/s/ *Mark Warzecha*
Mark Warzecha