# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | | |
|---|---|---|
| **SIMNIC VENTURES LLC** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **Civ. Action No. 8:15-cv-2723-T-35TBM (RDO)** |
| | § | |
| **GLAM SEAMLESS LLC** | § | **JURY DEMANDED** |
| | § | |
| *Defendant.* | § | |
| | § | |

**PLAINTIFF SIMNIC VENTURES LLC'S FIRST SET OF INTERROGATORIES**
**TO DEFENDANT GLAM SEAMLESS LLC**

Pursuant to Federal Rule of Civil Procedure 33, Plaintiff SimNic Ventures LLC ("SimNic" or "Plaintiff"), plaintiff in the above-entitled and numbered civil action, hereby requests that Defendant Glam Seamless LLC ("Glam Seamless" or "Defendant") answer the following interrogatories, under oath and in writing.

**DEFINITIONS**

1.      The terms "Glam Seamless", "DEFENDANT," "YOU," and/or "YOUR" means Defendant Glam Seamless LLC and/or all of its past or present predecessors, successors, partners, investors, corporate parents, affiliated companies or corporations, divisions, departments, direct or indirect subsidiaries, officers, directors, employees, principals, agents, attorneys, servants, representatives, and all other persons acting, or purporting to act, on its behalf or over whom Glam Seamless has control.

2.      The term "SimNic" means SimNic Ventures LLC, and/or all of its members, officers, directors, employees, principals, agents, attorneys, servants,

representatives, and all other persons acting, or purporting to act, on its behalf or over whom SimNic has control.

3.      The term "'122 Patent" as used herein means United States Patent No. 6,135,122.

4.      The terms "COMMUNICATION" or "COMMUNICATIONS" include any transfer or exchange between two or more persons of any information, whether by written, electronic, computer or oral means, including, but not limited to, conversations, meetings, telephone calls, correspondence, e-mails, internet communications, faxes, telegrams, telexes, text messages, voicemails, cables, and/or memoranda.

5.      The terms "RELATING," "RELATE," "CONCERN," or "CONCERNING" mean referring to, mentioning, having any relationship to, pertaining to, evidencing or constituting evidence of the subject matter of the request.

6.      The terms "DOCUMENT" and "DOCUMENTS" include, without limitation, any written, recorded, graphic or printed matter, in whatever form, whether printed and/or produced by hand or any other process and specifically includes (1) all originals, all copies or drafts, and (2) originals, all copies or drafts on which appear any marks, notations, notes, or writings placed thereon after the document was first created, printed, typed or recorded, however produced or reproduced.  The terms "document" or "documents" also specifically includes electronically stored information, including e-mails, writings, drawings, graphs, charts, photographs, sound recordings, images and other data or data compilations stored in any medium from which information can be obtained.

By way of example and without limitation, the terms "document" or "documents" include Power Point presentations and/or slides, Excel spreadsheets, letters, telegrams, memoranda, writings, circulars, monographs, bulletins, manuals, speeches, audio and videotapes, drawings, blueprints, recordings, books, accounts, journals, reports, agreements, telegrams, telexes, cables, indices, diagrams, projections, advertising literature, brochures, pamphlets, diaries, forecasts, photographs, recordings, graphs, notes, notebooks, charts, minutes, notes or recordings of meetings, documents distributed at, generated for or as a result of meetings, lists of person attending meetings, records, notes, reports and/or summaries of interviews, conversations, telephone calls, conferences, investigations or negotiations, opinions or reports of consultants, appraisals, press releases, newspaper articles, mailing lists, contracts, drafts, calendars, day-timers, datebooks, messages, letters of credit, financial statements, invoices, statements of account, receipts, promissory notes, security agreements, deeds of trust, instruments purporting to grant or evidencing any security interest or line, loan agreements, credit and debit memoranda, cancelled checks and drafts (both front and back), check stubs, securities, ledgers, computer printouts, computer electronic messages e-mail messages, correspondence, communications of any nature, summaries of records of conversations or conferences, reports and data sheets, specifications, sketches, minutes or reports and/or summaries or interviews, reports and/or summaries of investigations, prior art searches and results thereof, including discussions or analysis thereof, opinions or reports of consultants or consulting engineers, letters to the trade, and any tangible things within the scope of Federal Rule of Civil Procedure 34(a)(1).

7.      The term "COMPLAINT" as used herein means the latter of the Plaintiff's Original Complaint filed in this case, or, if a subsequently-filed amended complaint has been filed, the most recent version of any subsequent amended complaint filed by the Plaintiff in this case.

8.      The term "Accused Products" shall mean any and all of Defendant's tape-in hair extension products including, without limitation, Glam Seamless' Tape-In Hair Extensions; and all other products accused in the COMPLAINT; made, used, sold, or offered for sale, exported, or tested in the United States or imported by Defendant into the United States during the six years prior to the filing of the patent infringement action. Plaintiff specifically does not include requests for discovery related to any of the Defendant's products existing exclusively prior to six years before the filing of the Original Complaint in this action.

## INSTRUCTIONS

1.      For purposes of interpreting or construing the scope of these interrogatories, the terms used shall be given their most expansive and inclusive interpretation. This includes, without limitation, the following:

      a.      Construing the singular form of any word to include the plural and the plural form to include the singular;

      b.      Construing the past tense of the verb to include the present tense and the present tense to include the past tense;

      c.      Construing the masculine form to include the feminine form;

d.  Construing the term "DATE" to mean the exact day, month and year if ascertainable; if not, the closest approximation that can be made by means of relationship to other events, locations or matters;

f.  The terms "PERSON" or "PERSONS" include natural persons, groups of natural persons acting in collegial capacity (e.g., a committee or council), corporations, partnerships, associations, joint ventures, and any other incorporated or unincorporated business, governmental, public, social or legal entity.  A reference to any person or entity shall include, when applicable, its parent and subsidiary companies, divisions, groups, partners, general partners, limited partners, joint venturers, controlled persons, controlling persons, shareholders, officers, directors, employees, servants, agents, representatives, principals, privies or other persons acting on its behalf;

g.  Construing the term "IDENTIFY" or "IDENTITY" to mean, with respect to a person, to set forth the person's name, employer, job title, home and business addresses, home and business telephone numbers, and a brief description of his or her relationship, if any, with the parties to this action, including dates of employment if the person is or was an employee of Defendant;

h.  Construing the term "IDENTIFY" or "IDENTITY" to mean, with respect to a contact, meeting, communication or transaction, to set

forth its date, location, nature, purpose, each person present, each person and/or entity involved, each person with knowledge of it and each document relating to it;

i.      Construing the term "IDENTIFY" or "IDENTITY" to mean, with respect to an intellectual property license, to set forth a description of the technology licensed; the time period of the license; whether the license is a cross license; whether the license was entered into as part of the settlement of litigation; the royalty rate; a description of the royalty base to which that rate is applied; the Bates number, if applicable, of each such license; the amount of license payments for each license already made and the basis for determining future license payments you anticipate being obligated to make; and all Documents reflecting, and all Persons with knowledge of, facts relevant to such licenses.

j.      Construing the term "IDENTIFY" or "IDENTITY" to mean (regardless of whether or not any claim of privilege is asserted), with respect to a document, to set forth the following information:

(a)     Its nature (e.g., letter, memorandum, report, etc.);

(b)     The date it bears or, if undated, the date it was written or created;

(c)     The identity of the person(s) who wrote or created it;

(d)     The identity of the person(s) who received it;

(e)     Its file number or other identifying mark or code;

        (f)     Its general subject matter;

        (g)     Its present or last known location; and

        (h)     Its custodian.

2.     Each interrogatory solicits all information available to Defendant or obtainable by Defendant from its employees, agents, attorneys or representatives.

3.     To the extent that you may produce any documents in response to any interrogatory pursuant to Fed. R. Civ. P. 33(d), please specify the records from which the answer may be derived or ascertained in sufficient detail to permit Plaintiff to locate and to identify the particular records form which the answer may be ascertained.

4.     With respect to any document or information which you withhold, do not disclose, or exert a claim of privilege of non-disclosure, a statement shall be provided by your counsel which:

        a.     states the nature of the claim of non-disclosure or privilege;

        b.     states the names(s) of the author(s) of the document;

        c.     states the name(s) of the person(s) to whom the document was addressed and any other person(s) to whom the document was sent;

        d.     states the date of the document or, if no date appears, the date(s) on which it was prepared, sent or received;

        e.     states the number of pages, attachments and appendices of the document;

        f.     describes generally the nature and subject matter of the document; and

g.     states the name of the person(s) who has (have) custody of the documents.

5.     Unless otherwise stated, the time frame for these interrogatories is from six years prior to the filing of the original complaint in this action, to the present.

6.     These interrogatories shall be deemed to be continuing so as to require prompt, further and supplemental response if you discover additional documents or information that should have been included in response to these requests after the time of initial response.

7.     Unless otherwise indicated, the use in these discovery requests of the name of any party, person or business organization shall specifically include all agents, employees, shareholders, owners, officers, directors, joint ventures, representatives, attorneys and all other persons acting on behalf of the subject party, person or business organization.

8.     In each instance where you deny knowledge or information sufficient to answer an interrogatory, please set forth the name and address of each person, if any, who is known by you to have such knowledge.

9.     In each instance where you answer an interrogatory on information and belief, please set forth the basis for such information and belief.

10.    Each answer should be preceded by a reiteration of the full Interrogatory to which it responds.

11.    In each instance you choose to answer an interrogatory by referring to a specific document or record, please provide sufficient detail to permit the requesting

party to readily locate and identify the document(s) from which the answer is to be ascertained.

## **INTERROGATORIES**

**INTERROGATORY NO. 1:**   Separately for each of the Accused Products, disclose for each hair extension product: each of Defendant's identifying names and part numbers, the identity of the manufacturer, each of the manufacturers' identifying part numbers, any identifying family designations, and all pricing information; and IDENTIFY supporting DOCUMENTS (by Bates number), if any, used to respond to this Interrogatory, and the person(s) who are most knowledgeable about the facts underlying your answer.

**INTERROGATORY NO. 2:** For each of the Accused Products, please state separately, on a monthly basis or the shortest interval for which records are kept, the sales, costs, expenses on an itemized basis, gross profit margin, operating profit margin, incremental profit margin, and revenues attributable to sales of each of the Accused Products, and IDENTIFY supporting DOCUMENTS (by Bates number), if any, used to respond to this Interrogatory, and the person(s) who are most knowledgeable about the facts underlying your answer.   For the avoidance of doubt, the applicable sales information requested by this Interrogatory pertains to sales into the United States, sales from the United States, and sales involving any of the Accused Products that had ever been imported into the United States.

**INTERROGATORY NO. 3:** For each of the Accused Products, please IDENTIFY separately, each PERSON who was involved in the supply chain of each of the Accused Products, including manufacturers, manufacturer liaisons, customs brokers,

escrow agents, shipping agents, and shippers, and IDENTIFY the dates of involvement of each such PERSON and supporting DOCUMENTS (by Bates number), if any, used to respond to this Interrogatory, and the person(s) who are most knowledgeable about the facts underlying your answer.

**INTERROGATORY NO. 4:** Please IDENTIFY and describe all patent licenses that are or have been in effect at any time during the preceding ten years that relate to hair extension products, or the Accused Products, for which YOU pay or have paid any royalty, and IDENTIFY supporting DOCUMENTS (by Bates number), if any, used to respond to this Interrogatory, and the person(s) who are most knowledgeable about the facts underlying your answer..

**INTERROGATORY NO. 5:** Please identify all PERSONS that participated in the research, conception, design, development, marketing, purchasing, evaluation, or sales of any of the Accused Products.

**INTERROGATORY NO. 6:** For each asserted claim of the '122 Patent that you contend is not infringed by any of the Accused Products, including directly, indirectly, literally, and by the doctrine of equivalents, set forth in detail (on an element-by-element basis) for each Accused Product the complete factual and legal basis for your contention, including by identifying all relevant facts, documents, and identify the person(s) who are most knowledgeable about the facts underlying your answer.

**INTERROGATORY NO. 7:** For each of the Accused Products, please describe in detail your contention regarding the relevant market and competitive substitutes for the patents-in-suit, your contention regarding the date of any hypothetical negotiation for each of the patents-in-suit, your contention regarding the basis for any consumer demand

for the Accused Products, your contention regarding the appropriate reasonable royalty rate and base including your contention regarding whether or not there is an established royalty, the complete factual and legal bases for all of the foregoing, the identification of all documents supporting your response, and the identification of the person(s) who are most knowledgeable regarding your response, along with their job titles and contact information.

**INTERROGATORY NO. 8:**  Describe in detail all facts that describe any attempt(s) you made to design or work around the '122 Patent, the identification of all documents supporting your response, and the identification of the person(s) who are most knowledgeable regarding your response, along with their job titles and contact information.

**INTERROGATORY NO. 9:** Disclose all features that drive sales of the Accused Products and identify the apportioned revenue (by percentage) attributable to each feature for each Accused Products including information concerning customer preferences and satisfaction including customer surveys, customer reviews and market surveys, and provide the complete factual and legal basis for your contention, including by identifying all relevant facts and documents, and identify the person(s) who are most knowledgeable about the facts underlying your answer.

**INTERROGATORY NO. 10:** Please describe in detail all facts relating to the identification, availability, acceptability, and cost of any non-infringing alternatives to the apparatuses claimed in the '122 Patent, including without limitation.

a.      your use and consideration of implementing any such alternatives;

b.      the specific alterations you would make to each Accused Product to effectuate such alternative(s);

c.      the specific claim limitations of the '122 Patent that would be infringed without the alternatives;

d.      the costs associated with developing and implementing each alternative; and

e.      the steps and time required to develop and implement each alternative.

Identify all persons with knowledge of the above information and any supporting documents, if any, used to respond to this Interrogatory.

**INTERROGATORY NO. 11:**   Separately for each of the Accused Products, describe for Accused Product, each COMMUNICATION regarding this lawsuit or the '122 Patent with each manufacturer or other PERSON outside of Glam Seamless, the DATE of the first COMMUNICATION with each PERSON, and IDENTIFY supporting DOCUMENTS (by Bates number), if any, used to respond to this Interrogatory, and the person(s) who are most knowledgeable about the facts underlying your answer.

**INTERROGATORY NO. 12:** Identify the date when and the facts and circumstances surrounding Defendant's first awareness of the Patents-in-suit and the applications leading to the Patents-in-suit, including: an identification of the date and circumstances under which you first became aware of the patent or application; an identification of the persons employed by or otherwise acting on your behalf who became aware of the patent or application; whether Defendant sought and/or obtained any opinion(s) of counsel regarding the Patents-in-suit; and an identification of the documents and other evidence reflecting such awareness.

**INTERROGATORY NO. 13:** State in detail all factual and legal bases for your equitable defenses, whether affirmative or not, and any equitable counterclaims and describe how and the extent to which you contend those defenses affect Plaintiff's ability to recover damages or other relief in this action, and identify the person(s) who are most knowledgeable about the facts underlying your answer and documents related thereto, and the names of any individuals who assisted in preparing your answer and identify all supporting documents, if any, relating to the information sought in this Interrogatory.

DATED: April 20, 2016                         Respectfully submitted,


                                              /s/ Mark Warzecha
                                              Mark Warzecha
                                              Email: mfw@uslegalteam.com
                                              **WIDERMAN MALEK, PL**
                                              1990 West New Haven Ave, Suite 201
                                              Melbourne, FL 32904
                                              Phone: (321) 255-2332
                                              Fax: (321) 255-2351

                                              **ATTORNEYS FOR PLAINTIFF**
                                              **SIMNIC VENTURES LLC**


## CERTIFICATE OF SERVICE

I hereby certify that on the date shown above, a copy of Plaintiff's First Set of Interrogatories to Defendant was served on the following as indicated:

<u>Via E-Mail</u>
Robert M. Mayer
Robert M Mayer & Associates
8211 W Broward Blvd, Suite 330
Fort Lauderdale, Florida 33324
(954) 998-1441
Email: RMMayer@MiamiCounsel.com


<u>/s/ *Mark Warzecha*</u>
Mark Warzecha