# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | | |
|---|---|---|
| **SIMNIC VENTURES LLC** | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| **v.** | § | **Civ. Action No. 8:15-cv-2723-T-35TBM (RDO)** |
| | § | |
| **GLAM SEAMLESS LLC** | § | **JURY DEMANDED** |
| | § | |
| *Defendant*. | § | |
| | § | |

**PLAINTIFF SIMNIC VENTURES LLC'S FIRST SET OF REQUESTS**
**FOR <u>PRODUCTION TO DEFENDANT GLAM SEAMLESS LLC</u>**

Pursuant to Federal Rule of Civil Procedure 34, Plaintiff SimNic Ventures LLC ("SimNic" or "Plaintiff"), plaintiff in the above-entitled and numbered civil action, hereby requests that Defendant Glam Seamless LLC ("Glam Seamless" or "Defendant") produce the documents and things described in the following requests for production, in accordance with the definitions and instructions set forth below, within 30 days of service.  These discovery requests impose the continuing obligations set forth in Federal Rule of Civil Procedure 26.

### <u>DEFINITIONS</u>

1.      The terms "Glam Seamless", "DEFENDANT," "YOU," and/or "YOUR" means Defendant Glam Seamless LLC and/or all of its past or present predecessors, successors, partners, investors, corporate parents, affiliated companies or corporations, divisions, departments, direct or indirect subsidiaries, officers, directors, employees, principals, agents, attorneys, servants, representatives, and all other persons acting, or purporting to act, on its behalf or over whom Glam Seamless has control.

2.      The term "SimNic" means SimNic Ventures LLC, and/or all of its members, officers, directors, employees, principals, agents, attorneys, servants, representatives, and all other persons acting, or purporting to act, on its behalf or over whom SimNic has control.

3.      The term "'122 Patent" or the "patent-in-suit" as used herein means United States Patent No. 6,135,122.

4.      The terms "COMMUNICATION" or "COMMUNICATIONS" include any transfer or exchange between two or more persons of any information, whether by written, electronic, computer or oral means, including, but not limited to, conversations, meetings, telephone calls, correspondence, e-mails, internet communications, faxes, telegrams, telexes, text messages, voicemails, cables, and/or memoranda.

5.      The terms "RELATING," "RELATE," "CONCERN," or "CONCERNING" mean referring to, mentioning, having any relationship to, pertaining to, evidencing or constituting evidence of the subject matter of the request.

6.      The terms "DOCUMENT" and "DOCUMENTS" include, without limitation, any written, recorded, graphic or printed matter, in whatever form, whether printed and/or produced by hand or any other process and specifically includes (1) all originals, all copies or drafts, and (2) originals, all copies or drafts on which appear any marks, notations, notes, or writings placed thereon after the document was first created, printed, typed or recorded, however produced or reproduced.  The terms "document" or "documents" also specifically includes electronically stored information, including e-mails, writings, drawings, graphs, charts, photographs, sound recordings, images and

other data or data compilations stored in any medium from which information can be obtained.

By way of example and without limitation, the terms "document" or "documents" include Power Point presentations and/or slides, Excel spreadsheets, letters, telegrams, memoranda, writings, circulars, monographs, bulletins, manuals, speeches, audio and videotapes, drawings, blueprints, recordings, books, accounts, journals, reports, agreements, telegrams, telexes, cables, indices, diagrams, projections, advertising literature, brochures, pamphlets, diaries, forecasts, photographs, recordings, graphs, notes, notebooks, charts, minutes, notes or recordings of meetings, documents distributed at, generated for or as a result of meetings, lists of person attending meetings, records, notes, reports and/or summaries of interviews, conversations, telephone calls, conferences, investigations or negotiations, opinions or reports of consultants, appraisals, press releases, newspaper articles, mailing lists, contracts, drafts, calendars, day-timers, datebooks, messages, letters of credit, financial statements, invoices, statements of account, receipts, promissory notes, security agreements, deeds of trust, instruments purporting to grant or evidencing any security interest or line, loan agreements, credit and debit memoranda, cancelled checks and drafts (both front and back), check stubs, securities, ledgers, computer printouts, computer electronic messages e-mail messages, correspondence, communications of any nature, summaries of records of conversations or conferences, reports and data sheets, specifications, sketches, minutes or reports and/or summaries or interviews, reports and/or summaries of investigations, prior art searches and results thereof, including discussions or analysis thereof, opinions or reports of

consultants or consulting engineers, letters to the trade, and any tangible things within the scope of Federal Rule of Civil Procedure 34(a)(1).

7.     The term "COMPLAINT" as used herein means the latter of the Plaintiff's Original Complaint filed in this case, or, if a subsequently-filed amended complaint has been filed, the most recent version of any subsequent amended complaint filed by the Plaintiff in this case.

8.     The term "Accused Products" shall mean any and all of Defendant's tape-in hair extension products including, without limitation, Glam Seamless' Tape-In Hair Extensions; and all other products accused in the COMPLAINT; made, used, sold, or offered for sale, exported, or tested in the United States or imported by Defendant into the United States during the six years prior to the filing of the patent infringement action. Plaintiff specifically does not include requests for discovery related to any of the Defendant's products existing exclusively prior to six years before the filing of the Original Complaint in this action.

## INSTRUCTIONS

1.     For purposes of interpreting or construing the scope of these requests for production, the terms used shall be given their most expansive and inclusive interpretation. This includes, without limitation, the following:

      a.     Construing the singular form of any word to include the plural and the plural form to include the singular;

      b.     Construing the past tense of the verb to include the present tense and the present tense to include the past tense;

c.      Construing the masculine form to include the feminine form;

d.      Construing the term "DATE" to mean the exact day, month and year if ascertainable; if not, the closest approximation that can be made by means of relationship to other events, locations or matters;

e.      The terms "PERSON" or "PERSONS" include natural persons, groups of natural persons acting in collegial capacity (e.g., a committee or council), corporations, partnerships, associations, joint ventures, and any other incorporated or unincorporated business, governmental, public, social or legal entity.  A reference to any person or entity shall include, when applicable, its parent and subsidiary companies, divisions, groups, partners, general partners, limited partners, joint venturers, controlled persons, controlling persons, shareholders, officers, directors, employees, servants, agents, representatives, principals, privies or other persons acting on its behalf;

f.      Construing the term "IDENTIFY" or "IDENTITY" to mean, with respect to a person, to set forth the person's name, employer, job title, home and business addresses, home and business telephone numbers, and a brief description of his or her relationship, if any, with the parties to this action, including dates of employment if the person is or was an employee of Defendant;

g.   Construing the term "IDENTIFY" or "IDENTITY" to mean, with respect to a contact, meeting, communication or transaction, to set forth its date, location, nature, purpose, each person present, each person and/or entity involved, each person with knowledge of it and each document relating to it;

h.   Construing the term "IDENTIFY" or "IDENTITY" to mean, with respect to an intellectual property license, to set forth a description of the technology licensed; the time period of the license; whether the license is a cross license; whether the license was entered into as part of the settlement of litigation; the royalty rate; a description of the royalty base to which that rate is applied; the Bates number, if applicable, of each such license; the amount of license payments for each license already made and the basis for determining future license payments you anticipate being obligated to make; and all Documents reflecting, and all Persons with knowledge of, facts relevant to such licenses.

i.   Construing the term "IDENTIFY" or "IDENTITY" to mean (regardless of whether or not any claim of privilege is asserted), with respect to a document, to set forth the following information:

(a)   Its nature (e.g., letter, memorandum, report, etc.);

(b)   The date it bears or, if undated, the date it was written or created;

(c)   The identity of the person(s) who wrote or created it;

(d)     The identity of the person(s) who received it;

(e)     Its file number or other identifying mark or code;

(f)     Its general subject matter;

(g)     Its present or last known location; and

(h)     Its custodian.

2.      Each request for production solicits all information available to Defendant or obtainable by Defendant from its suppliers, partners, employees, agents, attorneys or representatives.

3.      To the extent that you may produce any documents in response to any request for production pursuant to Fed. R. Civ. P. 33(d), please specify the records from which the answer may be derived or ascertained in sufficient detail to permit Plaintiff to locate and to identify the particular records form which the answer may be ascertained.

4.      With respect to any document or information which you withhold, do not disclose, or exert a claim of privilege of non-disclosure, a statement shall be provided by your counsel which:

a.      states the nature of the claim of non-disclosure or privilege;

b.      states the names(s) of the author(s) of the document;

c.      states the name(s) of the person(s) to whom the document was addressed and any other person(s) to whom the document was sent;

d.      states the date of the document or, if no date appears, the date(s) on which it was prepared, sent or received;

e.      states the number of pages, attachments and appendices of the document;

      f.      describes generally the nature and subject matter of the document; and

      g.      states the name of the person(s) who has (have) custody of the documents.

5.      Unless otherwise stated, the time frame for these requests for production is from six years prior to the filing of Plaintiff's original complaint in this action, to the present, except for requests involving Defendant's defenses, for which the time frame is not limited.

6.      These requests for production shall be deemed to be continuing so as to require prompt, further and supplemental response if you discover additional documents or information that should have been included in response to these requests after the time of initial response.

7.      Unless otherwise indicated, the use in these discovery requests of the name of any party, person or business organization shall specifically include all agents, employees, shareholders, owners, officers, directors, joint ventures, representatives, attorneys and all other persons acting on behalf of the subject party, person or business organization.

8.      In each instance where you do not have information relating to a request for production, please set forth the name and address of each person, if any, who is known by you to have such information.

9.      Each response should be preceded by a reiteration of the full request for production to which it responds.

10.     In each instance you identify information by referring to a specific document or record, please provide sufficient detail to permit the requesting party to readily locate and identify the document(s) from which the answer is to be ascertained.

## INTERROGATORIES

**REQUEST FOR PRODUCTION NO. 1:**

All DOCUMENTS RELATED TO the patent-in-suit.

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS RELATED TO the inventors of the patent-in-suit, Plaintiff, or other assignees or licensees of the patent-in-suit.

**REQUEST FOR PRODUCTION NO. 3:**

All DOCUMENTS RELATED TO (and including) any alleged prior art RELATED TO the patent-in-suit.

**REQUEST FOR PRODUCTION NO. 4:**

All DOCUMENTS RELATED TO the conception, design, and/or development of the Accused Products.

**REQUEST FOR PRODUCTION NO. 5:**

All DOCUMENTS RELATED TO technology or product roadmaps for the Accused Products.

**REQUEST FOR PRODUCTION NO. 6:**

All DOCUMENTS RELATED TO product brochures for the Accused Products, including but not limited to the brochures themselves.

**REQUEST FOR PRODUCTION NO. 7:**

All DOCUMENTS RELATED TO training materials for the Accused Products, including but not limited to the training materials themselves.

**REQUEST FOR PRODUCTION NO. 8:**

All DOCUMENTS RELATED TO any certification process relating to use of the Accused Products.

**REQUEST FOR PRODUCTION NO. 9:**

All DOCUMENTS RELATED TO any competitive analysis involving the Accused Products, including but not limited to the results of any competitive analysis.

**REQUEST FOR PRODUCTION NO. 10:**

All DOCUMENTS RELATED TO the features of the Accused Products, including but not limited to the feature lists.

**REQUEST FOR PRODUCTION NO. 11:**

All DOCUMENTS RELATED TO, supporting, evidencing, and/or concerning YOUR affirmative defenses as pled in this case.

**REQUEST FOR PRODUCTION NO. 12:**

All DOCUMENTS RELATED TO, supporting, evidencing, and/or concerning YOUR answer to the complaint as pled in this case.

**REQUEST FOR PRODUCTION NO. 13:**

All DOCUMENTS RELATED TO, supporting, evidencing, and/or concerning YOUR counterclaims as pled in this case.

**REQUEST FOR PRODUCTION NO. 14:**

All DOCUMENTS RELATED TO (and including) any DOCUMENTS or information exchanged between YOU and any other PERSON (other than YOUR attorneys) regarding this case.

**REQUEST FOR PRODUCTION NO. 15:**

All DOCUMENTS RELATED TO YOUR licensing policies and practices including copies of all licenses YOU have entered into related to the Accused Products.

**REQUEST FOR PRODUCTION NO. 16:**

All DOCUMENTS RELATED TO YOUR first awareness and/or knowledge of the patent-in-suit or Plaintiff.

**REQUEST FOR PRODUCTION NO. 17:**

All DOCUMENTS RELATED TO any and all patents that YOU contend are practiced by, are embodied in, and/or are used by the Accused Products.  As provided for herein, the term "patents" includes patent applications, abandoned patent applications, and patents, as well as internal invention disclosures.

**REQUEST FOR PRODUCTION NO. 18:**

All DOCUMENTS RELATED TO any patent search, prior art search, and/or analysis performed by YOU (including, but not limited to, YOUR agents, attorneys, patent agents, or employees) where the patent-in-suit was referenced, found, or included in the results of said search and/or analysis.

**REQUEST FOR PRODUCTION NO. 19:**

All DOCUMENTS RELATED TO any litigation, including, but not limited to, patent litigation (whether foreign or domestic) before a United States District Court, United States state court, appellate courts of the foregoing, arbitrations, licensing

disputes, the International Trade Commission, and/or foreign court or tribunal concerning the Accused Products .

**REQUEST FOR PRODUCTION NO. 20:**

All DOCUMENTS that YOU intend to rely on to show the level of knowledge, schooling, experience, expertise, and relevant technical skill of a person having ordinary skill in what YOU contend is the relevant art pertaining to the patent-in-suit, at the times the level of ordinary skill in the art is measured for purposes of invalidity and the doctrine of equivalents.

**REQUEST FOR PRODUCTION NO. 21:**

All DOCUMENTS RELATED TO any technical or industry conference, symposium, trade show, standards committee(s), or industry or professional association meeting regarding the subject matter disclosed in the patent-in-suit or the Accused Products attended by YOU anywhere in the world, including all DOCUMENTS showing the attendance by YOU, notes by YOU, and DOCUMENTS received or provided by YOU at the event.

**REQUEST FOR PRODUCTION NO. 22:**

All DOCUMENTS that YOU contend support, or that tend to refute, YOUR contention that YOU do not infringe the patent-in-suit (whether directly or indirectly).

**REQUEST FOR PRODUCTION NO. 23:**

All DOCUMENTS that YOU contend support, or that tend to refute, YOUR contention that the patent-in-suit is invalid or unenforceable.

**REQUEST FOR PRODUCTION NO. 24:**

All DOCUMENTS that YOU contend support, or that tend to refute, YOUR contention that this case is an exceptional case under 35 U.S.C. §285.

**REQUEST FOR PRODUCTION NO. 25:**

All DOCUMENTS that YOU intend to introduce in this case in support of YOUR proposed claim constructions, or in rebuttal to any Plaintiff's proposed claim constructions, including the construction of ordinary meaning.

**REQUEST FOR PRODUCTION NO. 26:**

All extrinsic evidence that YOU contend is relevant to the construction of any of the claims of the patent-in-suit.

**REQUEST FOR PRODUCTION NO. 27:**

DOCUMENTS sufficient to show YOUR parent companies, subsidiaries, partnerships, joint ventures, predecessors, successors, and any legal entities that are wholly or partially owned or controlled by YOU, as well as DOCUMENTS sufficient to show organizational charts of each of the foregoing.

**REQUEST FOR PRODUCTION NO. 28:**

All DOCUMENTS identified or used in responding to any discovery request served by Plaintiff .

**REQUEST FOR PRODUCTION NO. 29:**

All DOCUMENTS received by YOU from any third party that were requested from such third party as part of this litigation, that relate to this litigation, and/or that are responsive to any outstanding request for production served on YOU, including (but not limited to) any DOCUMENTS received pursuant to a subpoena.

**REQUEST FOR PRODUCTION NO. 30:**

All DOCUMENTS referenced in YOUR Initial Disclosures made pursuant to Federal Rule of Civil Procedure 26(a)(1).

**REQUEST FOR PRODUCTION NO. 31:**

All DOCUMENTS RELATED TO any admission or alleged admission made by Plaintiff concerning any aspect of this litigation.

**REQUEST FOR PRODUCTION NO. 32:**

All DOCUMENTS RELATED TO YOUR projected Financial Statements, Cost of Manufacturing (past and present), revenues, profits, sales, margins, costs, and expenses for the Accused Products.  This request specifically includes information on a product-by-product basis broken down by the sales interval in which the records are kept, but at least annually.

**REQUEST FOR PRODUCTION NO. 33:**

All DOCUMENTS RELATED TO royalty rates incurred by YOU for any license RELATED TO the Accused Products or other tape-in hair extension products sold by YOU.

**REQUEST FOR PRODUCTION NO. 34:**

All DOCUMENTS, including, but not limited to, COMMUNICATIONS to all third parties (*e.g.*, any person, entity, party, company, organization, etc., that is not a corporate entity or affiliate of YOU) related to Plaintiff.

**REQUEST FOR PRODUCTION NO. 35:**

All DOCUMENTS made available by YOU or counsel to any testifying expert witness, lay expert witness, or consulting expert witness whose work has been

reviewed by a testifying expert, or witness whose recollection was refreshed by said DOCUMENTS RELATING TO this case.

**REQUEST FOR PRODUCTION NO. 36:**

All DOCUMENTS RELATED TO YOUR pricing decisions related to the Accused Products for each year of sale through the trial of this case.

**REQUEST FOR PRODUCTION NO. 37:**

All DOCUMENTS RELATED TO YOUR reverse engineering, analysis, review, purchase, investigation, study, or testing of the Accused Products.

**REQUEST FOR PRODUCTION NO. 38:**

All DOCUMENTS RELATED TO personnel charts, related personal listings, indices or directories, divisions, departments, groups, sub-groups, organizational charts, and related divisions in DEFENDANT'S corporate structure RELATED TO the sale, sourcing, or manufacture of the Accused Products.

**REQUEST FOR PRODUCTION NO. 39:**

All DOCUMENTS RELATED TO agreements or COMMUNICATION with suppliers relating to the production of the Accused Products.

**REQUEST FOR PRODUCTION NO. 40:**

All DOCUMENTS RELATED TO or constituting advertising, promotional, or marketing material RELATED TO the Accused Products.

**REQUEST FOR PRODUCTION NO. 41:**

All DOCUMENTS furnished to or shown to any fact witness contacted, interviewed, or consulted by YOU or YOUR agents or attorneys in connection with the patent-in-suit.

**REQUEST FOR PRODUCTION NO. 42:**

All DOCUMENTS referring or relating to any embodiments or services YOU contend to be non-infringing alternatives of the patent-in-suit.

**REQUEST FOR PRODUCTION NO. 43:**

All DOCUMENTS related to any attempts by YOU to modify, change, redesign or design-around the patent-in-suit.

**REQUEST FOR PRODUCTION NO. 44:**

All correspondence and other DOCUMENTS expressing opinions on or concerning the validity, invalidity, infringement, non-infringement, enforceability, non-enforceability, or license (either express or implied) as to the patent-in-suit.

**REQUEST FOR PRODUCTION NO. 45:**

All DOCUMENTS concerning YOUR policies or practices concerning patent clearances, right to use opinions, or other mechanisms to avoid YOUR infringement of patents, including the patent-in-suit.

**REQUEST FOR PRODUCTION NO. 46:**

All DOCUMENTS relating to any communications concerning the patent-in-suit, including but not limited to communications with YOUR employees, managers, sales force, agents, dealers, wholesalers, retailers, representatives, distributors, the press, or any news wire.

**REQUEST FOR PRODUCTION NO. 47:**

All DOCUMENTS related to any prior art search concerning the patent-in-suit, including search requests, reports, analyses and references located.

**REQUEST FOR PRODUCTION NO. 48:**

All DOCUMENTS concerning each item of prior art that YOU contend anticipates or renders obvious any claim of the patent-in-suit.

**REQUEST FOR PRODUCTION NO. 49:**

All DOCUMENTS made available by YOU or counsel to any testifying expert witness, lay expert witness, or consulting expert witness whose work has been reviewed by a testifying expert, or witness whose recollection was refreshed by said DOCUMENTS relating to this case.

**REQUEST FOR PRODUCTION NO. 50:**

All DOCUMENTS that YOU intend to rely upon, in any way, in this litigation.

**REQUEST FOR PRODUCTION NO. 51:**

All DOCUMENTS that YOU contend support, or that tend to refute, YOUR contention that the patent-in-suit is limited by prosecution history estoppel.

**REQUEST FOR PRODUCTION NO. 52:**

All DOCUMENTS that YOU contend support, or that tend to refute, YOUR contention that the Plaintiff's claim for damages is barred by the doctrine of acquiescence.

**REQUEST FOR PRODUCTION NO. 53:**

All DOCUMENTS that support or relate to any contention that the patent-in-suit was not legally issued and/or is not enforceable.

**REQUEST FOR PRODUCTION NO. 54:**

All DOCUMENTS that support or relate to any contention that YOU have not infringed, induced the infringement of, or contributed to the infringement of the patent-in-suit.

**REQUEST FOR PRODUCTION NO. 55:**

All DOCUMENTS that support or relate to any contention that the patent-in-suit is unenforceable by reason of estoppel.

**REQUEST FOR PRODUCTION NO. 56:**

All DOCUMENTS that support or relate to any contention that the patent-in-suit is unenforceable by reason of inequitable conduct.

**REQUEST FOR PRODUCTION NO. 57:**

All DOCUMENTS that support or relate to any contention that damages derived from the patent-in-suit is barred in whole or in part by the doctrines of laches, waiver, unclean hands, or license.

**REQUEST FOR PRODUCTION NO. 58:**

All DOCUMENTS that support or relate to any contention that damages derived from the patent-in-suit is barred in whole or in part by acts of Plaintiff.

**REQUEST FOR PRODUCTION NO. 59:**

All DOCUMENTS that support or relate to any contention that damages derived from the patent-in-suit is barred in whole or in part relating to Plaintiff's standing.

**REQUEST FOR PRODUCTION NO. 60:**

All DOCUMENTS that support or relate to any contention that damages derived from the patent-in-suit is barred in whole or in part by Plaintiff's failure to mitigate damages.

**REQUEST FOR PRODUCTION NO. 61:**

All DOCUMENTS that support or relate to any contention that damages derived from the patent-in-suit is barred in whole or in part by failure to adequately mark under 35 U.S.C. § 287.

**REQUEST FOR PRODUCTION NO. 62:**

All DOCUMENTS that refer or relate to whether any invention disclosed in the patent-in-suit, or any product that embodies or uses such an invention, has been commercially successful.

**REQUEST FOR PRODUCTION NO. 63:**

All DOCUMENTS that refer or relate to whether any invention encompassed in any of the accused products, or any product that embodies or uses such an invention, has been copied by others.

**REQUEST FOR PRODUCTION NO. 64:**

All DOCUMENTS that refer or relate to whether anyone has praised, criticized, or discussed the significance of any invention disclosed in the patent-in-suit, or any product or service that embodies or uses any such invention.

**REQUEST FOR PRODUCTION NO. 65:**

All DOCUMENTS related to YOUR pricing decisions related to the Accused Products for each year through the trial of this case.

**REQUEST FOR PRODUCTION NO. 66:**

All DOCUMENTS related to and including all customs records related to the importation of the Accused Products for each year through the trial of this case.

**REQUEST FOR PRODUCTION NO. 67:**

All DOCUMENTS related to YOUR projected financial statements, costs (past and present), revenues, profits, sales, margins, costs, and expenses for the Accused Products.  This request specifically includes information broken down by the sales interval in which the records are kept, but at least annually.

**REQUEST FOR PRODUCTION NO. 68:**

All DOCUMENTS relating or referring to the indemnification or offer to indemnify, or request for indemnification by any of YOUR customers, prospective customers, or third-parties with respect to the patent-in-suit.

**REQUEST FOR PRODUCTION NO. 69:**

All DOCUMENTS that relate to royalty rates incurred by YOU for any license relating to hair extension products.

**REQUEST FOR PRODUCTION NO. 70:**

All DOCUMENTS concerning YOUR contentions on reasonable royalties pursuant to 35 U.S.C. § 284 and/or lost profits for any infringement of the patent-in-suit.

**REQUEST FOR PRODUCTION NO. 71:**

All DOCUMENTS concerning or relating to an appraisal or valuation of any patent, license, royalty, technology transfer, or authorization-to-use agreement that relates to the Accused Products, including appraisals or valuations performed for tax purposes.

**REQUEST FOR PRODUCTION NO. 72:**

All DOCUMENTS concerning or relating to the bonding composition(s) used for the Accused Products.

DATED: April 20, 2016                    Respectfully submitted,


                                        /s/ Mark Warzecha
                                        Mark Warzecha
                                        Email: mfw@uslegalteam.com
                                        **WIDERMAN MALEK, PL**
                                        1990 West New Haven Ave, Suite 201
                                        Melbourne, FL 32904
                                        Phone: (321) 255-2332
                                        Fax: (321) 255-2351


                                        **ATTORNEYS FOR PLAINTIFF**
                                        **SIMNIC VENTURES LLC**


## CERTIFICATE OF SERVICE

        I hereby certify that on the date shown above, a copy of Plaintiff's First Set of

Interrogatories to Defendant was served on the following as indicated:

        Via E-Mail
        Robert M. Mayer
        Robert M Mayer & Associates
        8211 W Broward Blvd, Suite 330
        Fort Lauderdale, Florida 33324
        (954) 998-1441
        Email: RMMayer@MiamiCounsel.com


                                        /s/ Mark Warzecha
                                        Mark Warzecha