UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SIMNIC VENTURES LLC,

    Plaintiff,

v.                                       Case No. 8:15-cv-2723-T-35TBM

GLAM SEAMLESS LLC,

    Defendant.
_____/

## O R D E R

THIS MATTER is before the Court on **Plaintiff's Motion to Compel Discovery Responses** (Doc. 22) and declarations in support (Docs. 23-24).  By its Motion, Plaintiff seeks an Order, pursuant to Federal Rule of Civil Procedure 37, compelling Defendant to provide, without objection, complete answers to Interrogatories 1-13 and Requests for Production 1-72, both of which were served on April 27, 2016.  Plaintiff states that, to date, Defendant has not responded to this outstanding discovery.  Plaintiff also seeks an Order directing Defendant to serve its Non-Infringement and Invalidity Contentions, which were due June 30, 2016, within five days of the Court's Order.  Lastly, Plaintiff requests an award of costs and attorneys' fees incurred in bringing its Motion.  Defendant has failed to file a response in opposition, and thus, the Motion is deemed unopposed.  *See* M.D. Fla. R. 3.01(b).

Accordingly, **Plaintiff's Motion to Compel Discovery Responses** (Doc. 22) is **GRANTED in part**.  The Motion is granted to the extent that Defendant shall provide full and complete responses to Plaintiff's Interrogatories 1-13 and respond to Plaintiff's Requests

for Production 1-72 **within ten (10)** of the date of this Order. The Motion also is granted to the extent that Defendant shall serve its Non-Infringement and Invalidity Contentions **within seven (7) days** of the date of this Order.

    As for Plaintiff's requests for expenses, pursuant to Federal Rule of Civil Procedure 37(a)(5),[1] the Court **DEFERS** ruling pending Defendant's response and further order of the Court. Prior to sanctioning Defendant in this manner, Defendant will have an opportunity to be heard as to why it and/or its attorney should not be required to pay Plaintiff's reasonable expenses in bringing the instant Motion. On or before **August 12, 2016**, Defendant shall **SHOW CAUSE in writing** why it and/or its counsel should not be ordered to pay Plaintiff's reasonable expenses, including attorney's fees, incurred in bringing this Motion.

    **Done and Ordered** at Tampa, Florida, this 2nd day of August 2016.

_____
THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of record

---

[1] Rule 37 provides that, if a motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. Fed. R. Civ. P. 37(a)(5)(A). The court must not order this payment, however, if, among other things, the opposing party's nondisclosure was substantially justified or other circumstances make an award of expenses unjust. *Id.*

    The Court notes that Plaintiff's 3.01(g) certification states that counsel twice emailed defense counsel, "but despite assurances to the contrary, Defendant's counsel has failed to provide responses to date." Moving forward, counsel shall speak in person with each other when required to confer under this local rule.